## Commonwealth versus Mohn.

1. A common scold is indictable as a common nuisance.
2. The 178th section of the revised Penal Code which provides that every felony, misdemeanor and offence whatever not specially provided for by the act, may and shall be punished as heretofore; saves the common law offence of "common scold."
3. An indictment charging that the defendant "intending the morals * * of citizens of this Commonwealth to debauch and corrupt, openly and publicly * * in the public highways, wicked, scandalous and infamous words did utter in the hearing of the citizens of the Commonwealth, and to their manifest corruption and subversion, and to the common nuisance," &c., sufficiently describes the offence.

CERTIORARI to the Court of Quarter Sessions of Northampton county.

This was a prosecution against Elenora Mohn as a common scold.

The indictment contained two counts:—

[Commonwealth *v.* Mohn.]

"1. That Elenora Mohn, on the 30th day of August, in the year of our Lord 1865, and on divers other days and times as well before as since, at the county aforesaid, was and is a common scold and disturber of the peace of the neighbourhood, and of all good citizens of this Commonwealth, to the common nuisance of all the good citizens of the Commonwealth, and to the evil example of all others in like case offending, and against the peace, &c.

"2. That the said Elenora Mohn, afterwards, to wit, on the day and year aforesaid, and on divers other days and times as well before as since, at the county aforesaid, being an evil-disposed person, and designing, contriving and intending the morals, as well of youth as of divers other citizens of this Commonwealth to debauch and corrupt, openly and publicly with a loud voice, in the public highways, wicked, scandalous and infamous words did utter, in the hearing of the citizens of the said Commonwealth, and to their manifest corruption and subversion, and to the common nuisance of all the good citizens of the Commonwealth, and against the peace, &c."

The defendant moved to quash the indictment for the following reasons:—

As to first count, because—

1. It charges no offence known to the laws of Pennsylvania.

2. The offence is not stated with the particularity required either as to time, place or circumstances.

As to second count, because—

1. It charges no offence known to the laws of Pennsylvania.

2. The matters laid as an offence are not stated with that particularity required. The words alleged to have been uttered are not stated, nor their substance, purpose or object set forth.

3. The place where the said alleged words were uttered is not set forth with that particularity required, nor so as to enable defendant to prepare her defence to said charge, which she wholly denies.

4. The whole count is too vague, loose and uncertain.

The court quashed the indictment, which was assigned for error.

*C. G. Beitel*, District Attorney, and *O. H. Meyers*, for the Commonwealth, cited James *v.* Commonwealth, 12 S. & R. 236; Barker *v.* Commonwealth, 7 Harris 413; Penal Code, § 73, Purd. 280; Id., § 178.

*E. J. Fox*, for defendant in error.—As to first count the offence is not defined with certainty: 2 Bishop's Crim. L., § 147; Commonwealth *v.* Hutchinson, 3 Am. L. Reg. 114; 1 Bishop's Crim. L., § 55; 4 Bl. Com. 306; Whart. Crim. L., §§ 285, 287, 288.

The spirit of our law will not permit a woman to be convicted

for words or acts which in a man would be held harmless: James v. Commonwealth, 12 S. & R. 226.

The offence is obsolete: 4 Bl. Com. 3; James v. Commonwealth, *supra*; Report of Commissioners to revise Penal Code 11.

As to the second count the matters are not stated with the requisite particularity; Commonwealth v. Sharpless, 2 S. & R. 91; Barker's Case, 7 Harris 412: 1 Whart. Crim. Law, § 6.

The place where the words were uttered is not stated with the particularity that will enable the defendant to prepare her defence.

The opinion of the court was delivered, May 15th 1866, by

WOODWARD, C. J.—The defendant was indicted in two counts: the first of which charged that she was on a day certain and divers other days, a common scold and disturber of the peace of the neighbourhood, and of all good citizens of the Commonwealth, &c., to the common nuisance of the citizens of the Commonwealth; and in the second count she is charged with being an evil-disposed person, and, contriving and intending the morals as well of youth as of divers other citizens of this Commonwealth to debauch and corrupt, did openly and publicly with a loud voice, in the public highways, wicked, scandalous and infamous words utter in the hearing of citizens, to the common nuisance of all good citizens, &c.

Both counts were on motion quashed, because the offences charged are unknown to the laws of Pennsylvania, and because they are not stated with sufficient particularity as to time, place and circumstances.

A common nuisance is the offence charged in each count, and it cannot be denied that that is an offence at common law. In James v. The Commonwealth, 12 S. & R. 236, it was ruled that a common scold is indictable and punishable as a common nuisance by fine and imprisonment, but not by the old and obsolete penalty of the ducking or cucking stool. On this latter point the late Judge Duncan went at large into all the curious learning on the subject; but while he intimated his personal dissatisfaction with the doctrine that the offence was indictable at all, he expressed his concurrence with the other members of the court that it is an indictable offence, punishable as a common nuisance by fine and imprisonment. Since that time the law has been considered settled; and in one instance, in Huntingdon county, about 1841, an indictment was sustained, though my recollection is that the defendant was acquitted. Doubtless other instances have occurred. Wharton, in his Criminal Law, p. 171, lays it down as an indictable offence, and cites, beside James' case above referred to, several others, English and American.

But it seems to be supposed that our penal code, as revised in 1860, displaced this common-law offence, which is called a "relic of barbarism;" and as no such offence as a common scold is found

in the code, it is argued that the law against common scolds perished with the statutes that punished gypsies and witches.

The argument loses sight of the fact that while the code of 1860 repeals all inconsistent statutes, the 178th section declares that " every felony, misdemeanor or offence whatever, not specially provided for by this act, may and shall be punished as heretofore."

The codifiers called this a *saving* section ; and whilst it does not restore the old obsolete statutes against witchcraft, it certainly does save the common-law offence charged in both counts of this indictment.

In The Commonwealth *v.* Hutchinson, 3 Am. Law Register 113, the late Judge Galbraith, in the Quarter Sessions of Erie county, denied the indictability of a common scold, principally on the ground of the uncertainty of the punishment, but the punishment is no more uncertain than that of assault and battery, or of any misdemeanor which depends upon fine and imprisonment at the discretion of the court.

As to the unreasonableness of holding women liable to punishment for a too free use of their tongue, it is enough to say that the common law, which is the expressed wisdom of ages, adjudges that it is not unreasonable. And the legislature have not changed the common law in this regard, but, on the contrary, declared so recently as 1860 that this offence " shall be punished as heretofore." The argument drawn from the indelicacy and unreasonableness of such a prosecution of a female should be addressed, therefore, to the legislature rather than to the courts, for courts of justice who declare rather than make law, are insensible to all considerations of gallantry. In the language of Lord Talbot, in Heard and Wife *v.* Stamford, 3 P. Wms. 412, " if the law as it now stands be thought inconvenient, it will be a good reason for the legislature to alter it, but till that is done, what is law at present must take place."

The offence laid in the second count is not only a nuisance at common law (see Wharton's Cr. Law, book VI., chap. 3, p. 798, and the cases cited), but like that in the first count, is, we think, sufficiently charged. In Barker *v.* The Commonwealth, 7 Harris 413, it was held that foul language charged to have been uttered in public streets with intent to " debauch, debase and corrupt the morals of youth as well as others," and to their " manifest corruption and subversion," words that are found in this indictment, was indictable, though it was not avowed to be a common nuisance, an averment which is in both counts of this indictment. The averment in the first count of the nuisance to the neighbourhood and to all good citizens of the Commonwealth, and in the second count, that the utterances were in the public highways, to the nuisance of the citizens, &c., are sufficient descriptions of the offence. The time laid is as specific as is required in criminal pleading.

[Commonwealth *v.* Mohn.]

On the whole, we are of opinion that neither count should have been quashed, and the judgment is accordingly reversed and a *procedendo* awarded.