# Nicholson *versus* The Commonwealth.

1. An information had been made for seduction under promise of marriage. In drawing the indictment a count for fornication and bastardy was included although there had been no information as to the last offence: *Held*, that they could be properly joined in the same indictment.

2. In a criminal case the court charged the jury: "The only safe course for you to pursue, as to the law regarding offences which you may have given you in charge, is to receive your instructions from the court, for the reason that you are not supposed to be learned in the law; and if you should commit an error therein, or counsel should be mistaken in stating the law to you, and you, relying on their version, or your own ideas, in either case should you commit an error, there is no remedy for such error:" *Held*, that this was not error. The court had an undoubted right to instruct the jury as to the law, and to warn them as they did, against finding contrary to it.

3. PER CURIAM.—This is very different from telling the jury that they must find the defendant guilty, which is what is meant by a binding instruction in criminal cases.

October 21st 1879.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ.   GREEN, J., absent.

Error to the Court of Quarter Sessions of *Venango county:* Of October and November Term 1879, No. 306.

[Nicholson *v.* Commonwealth.]

Indictment of William A. Nicholson for the seduction of Hessie Thorn. The defendant was indicted for seduction under the provisions of the Act of March 31st 1860, sect. 41, Pamph. L. 385, and also for fornication and bastardy under the provisions of the 37th section of said act. The defendant moved to quash the count for fornication and bastardy for the following reasons: "That no information had theretofore been made charging the defendant with fornication and bastardy; nor was said charge made or indictment for fornication and bastardy found upon the return of a constable; and that said count was unauthorized by law." The defendant, at the trial, pleaded "not guilty." The Commonwealth offered in evidence a letter from defendant to Hessie Thorn as showing the relation existing between them. Admitted under objection.

In the general charge, the court, Taylor, P. J., inter alia, said: "The only safe course for you to pursue, so far as the law regarding offences which you may have given you in charge, is to receive your instructions from the court, for the reason you are not supposed to be learned in the law; and if you should commit an error therein, or counsel should be mistaken in stating the law to you, and you, relying on their version, or your own ideas, in either case should you commit an error, there is no remedy for such error."

The jury found the defendant guilty on all the counts, and he was sentenced accordingly. He then took this writ and alleged that the court erred, inter alia, in refusing to quash the count charging fornication and bastardy, the admission of the letter above alluded to and the foregoing portion of the charge.

*Mackey & McGough, Osmer & Dale* and *Dodd & Lee,* for plaintiff in error.—Fornication and bastardy is a distinct offence from seduction, made so by a different statute, the 52d section of the Penal Code. Seduction partakes essentially of the character of civil process: 2 Whart. Am. C. L., 7th ed. sect. 2667; Duncan *v.* Commonwealth, 4 S. & R. 448. The two offences cannot be joined in one indictment. See also, Updegraff *v.* Commonwealth, 6 Id. 9.

It has been the uniform practice in Pennsylvania for years to require prosecutions to be instituted either upon information made before a committing magistrate, by return of constable, upon motion of the district attorney, or upon personal knowledge of the grand jury: McCullough *v.* Commonwealth, 17 P. F. Smith 30; Rowand *v.* Commonwealth, 1 Norris 405; Commonwealth *v.* Maloy; 7 P. F. Smith 298. None of the above requirements were complied with as to the fornication and bastardy.

The letter was wholly incompetent for any purpose, and this is especially true of one relating to a breach of a marriage engagement written months after the alleged seduction. The court could scarcely have been more emphatic in their instructions

[Nicholson v. Commonwealth.]

to the jury—not only to disregard any comments upon the law made by defendant's counsel, as well as any opinion of their own— than their often repeated and binding instructions which we assigned for error. The jury are the judges of the law as well as of the facts. The power of the jury to judge of the law in criminal cases is one of the most valuable securities guaranteed by the Bill of Rights: SHARSWOOD, C. J., in Kane v. Commonwealth, 8 Norris 522.

*W. C. Rheem* and *C. Heydrick*, for defendant in error.—It is usual to join counts for fornication and bastardy in indictments for seduction: Commonwealth v. McCarty, 2 Clark 351: Lewis on Criminal Law, pp. 51 to 53; Duncan v. Commonwealth, *supra;* Wharton's Criminal Law, sect. 423; Dinkey v. Commonwealth, 5 Harris 126; Commonwealth v. Birdsall, 19 P. F. Smith 484; Harman v. Commonwealth, 12 S. & R. 69; Henwood v. Commonwealth, 2 P. F. Smith 424; Stevick v. Commonwealth, 28 Id. 463. The court gave no binding instructions to the jury. They only recommended the safest course the jury could adopt in ascertaining what the law was. Had the court been requested to charge that the jury were the judges of the law, they would undoubtedly have done so and given the jury the same advice which the court did and which is so emphatically affirmed in Kane v. Commonwealth, *supra.*

The judgment of the Supreme Court was entered November 10th 1879,

PER CURIAM.—There was nothing in adding the counts for fornication and bastardy to the count for seduction. They are offences of the same nature. If the Commonwealth had failed to prove the promise of marriage, the defendant might have been convicted on the other counts. A party indicted for seduction may plead such acquittal in bar of a subsequent indictment for fornication and bastardy founded on the same act: Dinkey v. Commonwealth, *supra.* The third, fourth and fifth errors are not assigned *secundum regulas* and there were no exceptions below to the rulings on offers of evidence complained of, except to the letter of November 22d 1875, which was clearly admissible to show the previous relation between the parties. The other assignments of error, to the rulings of the court below on questions of evidence, are not sustained by bills of exception, and must fall for that reason; but if they had been they would not avail the plaintiff in error.

As to the exceptions to the charge, we think there was nothing in it of which the plaintiff can rightfully complain. The court had an undoubted right to instruct the jury as to the law, and to warn them as they did against finding contrary to it. This is very

[Nicholson *v.* Commonwealth.]

different from telling them that they must find the defendant guilty, which is what is meant by a binding instruction in criminal cases.

Judgment affirmed.