## ALBERTINA BAKER v. THE STATE.

|    |    |
|----|----|
| 53 | 45 |
| 63 | 388 |
| 53 | 45 |
| 69 | 531 |

1. In an indictment for being a common scold, it is not necessary to set out the specific facts which show the accused to be a common scold; it is sufficient to charge that she is a common scold, to the common nuisance of the public.

2. It is the habit of scolding, resulting in a public nuisance, which constitutes the offence; and whether the scoldings by the defendant have been so frequent as to prove the existence of the habit, and whether the habit has been practiced under such circumstances as to disturb the public peace, are questions for the jury alone.

3. In all criminal trials, it is the right of the accused to have all the relevant testimony, including that relating. to his good repute, considered by the jury, and if, on such consideration, there exists reasonable doubt of his guilt, even though that doubt be engendered merely by his good reputation, he is entitled to an acquittal.

———

On error to the Camden Quarter Sessions.

Argued at June Term, 1890, before BEASLEY, CHIEF JUSTICE, and Justices DIXON and MAGIE.

For the plaintiff in error, *George A. Vroom.*

For the state, *Wilson H. Jenkins, Prosecutor of the Pleas.*

The opinion of the court was delivered by

·DIXON, J.   The plaintiff in error was convicted in the
·Camden Quarter Sessions of being a common scold.

One ground on which she seeks a reversal of the judgment
is because the indictment does not state the particular facts
which make a common scold.   But it is not necessary that
the indictment should be so explicit.   It is enough for it to
aver that the accused is a common scold, to the common nui-
sance, &c.   Where the offence consists, not of a single act, but
·of a habitual course of conduct, an indictment need not charge
the details of that conduct, which are only evidence of the
misdemeanor, but must charge the general practice which con-
stitutes the crime itself.   *Hawk.*, bk. 2, ch. 25, §§ 57, 59;
*Commonwealth* v. *Pray*, 13 *Pick.* 359, 362; *Whart. Cr. Pl. &
Pr.*, § 155.

Another reason urged for reversal is, that the court charged
the jury as follows: "The evidence on the part of the state
·consists of a number of witnesses who have sworn, not that
she only scolded one person at one time, but that she did it
to several persons on several occasions.   Now, if you believe
she did that thing, if you believe the evidence on the part of
the state, she is guilty of being a common nuisance to the
neighborhood in which she resides."

This charge did not correctly point out to the jury the facts
required to warrant a conviction, nor submit to their judg-
ment, as it should, the question whether such facts were proved.
A woman does not necessarily become a common scold by
scolding several persons on several occasions.   It is the habit
·of scolding, resulting in a public nuisance, which is criminal;
and whether the scoldings to which the state's witnesses testi-
fied were so frequent as to prove the existence of the habit,
and whether the habit was indulged under such circumstances
as to disturb the public peace, were questions which the jury

alone could lawfully decide, and which were no less important than the credibility of witnesses. *Brown* v. *State*, 20 *Vroom* 61.

The court also charged the jury as follows : "There is some evidence as to the defendant's good character for peace and quietness. In a doubtful case evidence of character for peace and quietness is to be taken the same as any other evidence by the jury and weighed with the other evidence. But if there is no doubt, evidence of good character does not amount to anything."

The import of this charge is, that when, laying out of view the evidence of good character, the case is doubtful, then the evidence of good character is to be weighed by the jury with the other evidence ; but when, laying out of view the evidence of good character, there is no doubt, then such evidence does not amount to anything. Such a charge is erroneous. It is the right of a person charged with crime to have all the relevant testimony, including that relating to his good character or reputation, considered by the jury in every case, and if, on such consideration, there exists reasonable doubt of his guilt, even though that doubt be engendered merely by his previous good repute, he is entitled to an acquittal. *Remsen* v. *People*, 43 *N. Y.* 6 ; *Commonwealth* v. *Leonard*, 140 *Mass.* 473. The remark of Kinsey, C. J., in *State* v. *Wells*, *Coxe* 424, 429, so far as it indicates a contrary opinion, is merely *obiter dictum*. The principle above stated holds even in cases where the crime consists of a single misdeed, of which many a person of good reputation may be guilty ; in cases like the present, where guilt implies the notorious practice of a vicious habit, a general reputation of a contrary disposition seems to be direct evidence of innocence, and therefore entitled to the greater weight.

The conviction should be reversed, and a *venire de novo* awarded.