O. T. DENISON, Appellant, v. G. A. WATTS AND A. D. KERR.

**Counties:** BRIDGES. A resolution of a board of county supervisors that the county furnish and pay for plank for culverts and small bridges in the respective townships, each member of the board to determine by inspection of his district, what plank is needed, and to issue an order therefor, when called upon by the road supervisors, is not void because of the power thus delegated to the individual members of the board.

SAME. A county board of supervisors, in the exercise of their discretion may—under the Iowa Code, section 303, chapter 18, providing that it shall be their duty to provide for the erection of all bridges which may be necessary, and keep the same in repair—pass a resolution directing each supervisor to determine the amount of plank needed for small bridges or culverts in his district, and to issue an order therefor, when called for by the road supervisors; and such discretion, in the absence of fraud or bad faith, is not reviewable by the courts.

INJUNCTION. A county board of supervisors will not be restrained from carrying out a resolution providing for an inspection by the individual supervisors of their districts, to determine what plank

is needed to build or repair necessary culverts and small bridges therein, and "to issue an order therefor when called for by the road supervisors," because, in carrying out such resolution, there might be an abuse of discretion, or wrong done under it.

*Appeal from Cerro Gordo District Court.*—HON. JOHN C. SHERWIN, Judge.

FRIDAY, APRIL 10, 1896.

THIS is a suit in equity, by which the plaintiff demands that the board of supervisors of Cerro Gordo county be restrained and enjoined from enforcing a certain order, or resolution, of said board. There was a demurrer to the petition, which was sustained, and plaintiff appeals.—*Affirmed.*

*Cliggit & Rule* for appellant.

*Stanbery & Clark* and *D. W. Hurn* for appellees.

ROTHROCK, C. J.—I. The plaintiff and the defendants constitute the board of supervisors of Cerro Gordo county. It appears from the petition, that at the January session of the board, in the year 1895, the following resolution was adopted: "Resolved, that the county furnish and pay for plank for culverts and small bridges, made and used in the respective townships of the county, for the year 1895, each member of the board to determine, by a general inspection of their districts, as near as possible, what plank is needed, and to issue an order for the same when called for by the road supervisors." The defendants, Watts and Kerr, voted for the resolution, and the plaintiff voted against it. The plaintiff does not complain that the proceedings in the matter of adopting the resolution were in any manner irregular, or wanting in proper form. Within a few days after the resolution was adopted,

the plaintiff commenced this action to annul the same, and enjoin any acts which the majority of the board might think proper, looking to a compliance with the resolution. His petition, as shown by the abstract, is of great length, being thirteen printed pages. The demurrer was on the general ground that the facts stated in the petition do not entitle the plaintiff to the relief demanded. It is usual to set out at least the substance of the petition in an opinion where the question presented by the appeal involves the correctness of the ruling of the district court upon a demurrer to the pleading. We cannot do that in this case, without extending the opinion to an improper length. We think it is sufficient to briefly refer to the objections to this resolution made by counsel for appellant. The most forcible objection urged is to that part of the resolution which authorizes each member of the board to determine by inspection of a certain district the plank proper to be furnished, and to "issue an order for the same when called for by the road supervisors." We do not believe that the resolution is void, or illegal, because of the power thus given to a member of the board. In the very nature of the business to be transacted by a board of supervisors, it is necessary that some of it should be distributed, so committees may act thereon. If the board can legally apply county funds to these small expenditures, it is impracticable for all the members to travel over the county in a body, and determine where a few plank may be required here and there to construct, or repair, culverts, and such small bridges as are built by the road supervisors, and not by the county. By this resolution the member of the board gives an order for the lumber to be furnished, and, if it is wrongfully given, that matter can be corrected by the board when the time comes to audit the bill. If he gives an order when he knows it

is wrongful, he may make himself personally liable for it. But an injunction will not issue because in carrying out the order there may be an abuse of discretion, or wrongful acts done under it.

II. The plaintiff combats this resolution, mainly on the ground that the supervisors have no jurisdiction over small bridges and culverts, but that the duty to build and repair such structures devolves on the road supervisors, and they are to be paid for from the township road tax. Nearly all the cases ever determined by this court, founded on claims for damages for injuries resulting from defective bridges, are cited and reviewed in argument. The proposition contended for is that, under the statutes and decisions, boards of supervisors have no right to furnish plank for culverts or small bridges. We will not review these decisions. They relate to the liability of counties, and do not limit the power of the supervisors as to the right to furnish material for the repair or building of culverts or small bridges. And there is no question in this case proper to be discussed as to whether, if a county furnishes plank to a road supervisor, the county would be liable for the manner in which the road supervisor performs his work. All the question there is in the case, may be disposed of under clause 18, of section 303, of the Code, which provides that it is the duty of the board "to provide for the erection of all bridges which may be necessary, and which the public convenience may require, within their respective counties, and to keep the same in repair." It is not a question for the courts to determine what the public convenience may require. That is left to the discretion of the board, and the furnishing of plank for small bridges, or culverts (which is only another name for small bridges), to the road supervisors, is no abuse of such discretion,

unless in exercising it there is fraud or bad faith, and there are no facts in this petition showing that the defendants, in voting for the resolution, were controlled by any improper motive.

Other questions are discussed by counsel, which we do not think require special consideration. The judgment of the district court is AFFIRMED.