## Commonwealth v. Smith, alias Quinter.

*Criminal law—Common scold—Question for jury.*

It is the habit of scolding, resulting in a public nuisance, which constitutes the offence of being a common scold; and whether the scoldings by the defendant have been so frequent as to prove the existence of the habit, and whether the habit has been practiced under such circumstances as to disturb the public peace, are questions for the jury alone. A woman guilty of such conduct was liable to indictment and punishment at common law as a common scold, and so she is in Pennsylvania to this day.

Rule for new trial. Q. S. Berks Co., Dec. Sess., 1923, No. 18.

*E. H. Deysher,* for Commonwealth.

*Silas R. Rothermel,* for defendant and rule.

ENDLICH, P. J.—A common scold is said to be a troublesome and angry woman, who, by brawling and wrangling among her neighbors, breaks the public peace, increases discord and becomes a nuisance to the neighborhood: United States v. Royall, 3 Cranch, C. C., 620. In Baker v. State, 20 Atl. Repr. 858, it was laid down by the Supreme Court of New Jersey that: "It is the habit of scolding, resulting in a public nuisance, which constitutes the offence; and whether the scoldings by the defendant have been so frequent as to prove the existence of the habit, and whether the habit has been practiced under such circumstances as to disturb the public peace, are questions for the jury alone."

A woman guilty of such conduct was liable to indictment and punishment at common law as a common scold, and so she is in Pennsylvania to this day: James v. Com., 12 S. & R. 220; Com. v. Mohn, 52 Pa. 243; Lehigh County v. Schock, 113 Pa. 373, 376. The ancient punishment by the ducking-stool was never adopted in Pennsylvania, the offence being punishable by fine or by fine and imprisonment: James v. Com., 12 S. & R. 220; Com. v. Mohn, 52 Pa. 243.

This is a prosecution for the offence described, and the defendant, having been found guilty by a jury, has applied for a new trial. The only ground advanced in support of her application is the alleged insufficiency of the incriminating evidence. It must be conceded, however, that that question is one for the jury, and that its determination cannot properly be interfered with except in cases in which there is no room for an adverse finding beyond a reasonable doubt. It can hardly be successfully asserted that this case belongs to that category, and, therefore, the rule to show cause is discharged.

From Wellington M. Bertolet, Reading, Pa.