Commonwealth of Pennsylvania *v.* DeGrange,
Appellant.

Argued September 30, 1929.

Before Porter, P. J., Trex-

LER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALD-
RIGE, JJ.

*Edward Lee Kearns*, for appellant.

*J. E. Kalson*, Assistant District Attorney, and with
him *Samuel H. Gardner*, District Attorney, for ap-
pellee.

OPINION BY CUNNINGHAM, J., November 18, 1929:

Appellant appeals from a judgment and sentence,
directing him to pay the costs of prosecution, a fine
of fifty dollars and undergo imprisonment in the work-
house for six months, pronounced against him by the
court of quarter sessions of Allegheny County upon
his conviction under an indictment charging him with
an indecent assault upon a female child between eight
and nine years of age.

The indictment contains but one count and the ma-
terial parts charge that on August 9, 1928, appellant
"unlawfully and indecently did make an assault in and
upon ...... and did ...... unlawfully, indecently and
against [her] will ...... put and place [his] hands
...... against and upon the private parts, person and
body of [the child] ...... contrary to the form of the
Act of the General Assembly in such case made and
provided, and against the peace and dignity of the
Commonwealth of Pennsylvania."

The Commonwealth's evidence consisted not alone of the testimony of the girl, which by reason of her youth and several uncertainties and discrepancies in her story might be considered an unsatisfactory basis for a conviction, but also of the corroborating evidence of her mother, a police officer and a physician. As the sufficiency of the evidence to support the indictment and the verdict thereon is not challenged in the statement of questions involved, we are relieved of the unpleasant duty of considering it in detail. It is sufficient to say that there was evidence of these facts: On Monday, August 6, 1928, three days preceding the date of the offense as laid in the indictment, the child was seated in a moving picture theatre beside appellant who talked to her, gave her some money and arranged with her to meet him at the same theatre on the following Thursday. Upon returning to her home the girl informed her mother of the incident and of the arrangement; the mother reported the matter to the police department and an officer was detailed to be in attendance at the theatre on the following Thursday afternoon.

This officer testified that he saw appellant and the girl leave the lower floor of the theatre and go to the balcony; that he followed them and while standing near the seats occupied by them saw appellant disarranging the girl's clothing and taking the indecent liberties with her detailed in his testimony; and that he forthwith placed him under arrest.

Appellant strenuously denied that he was in the theatre on Monday and endeavored to establish an alibi for that afternoon. He admitted that he was in the theatre on the following Thursday but denied the testimony of the girl and the officer with respect to the assault. The contention of the Commonwealth was strengthened materially by the evidence of a physician who examined the girl late that night.

At the conclusion of all the testimony counsel for appellant presented what he called a "demurrer" to the evidence; it was in no sense of the term a demurrer but, in effect, a motion requesting the trial judge to direct a verdict of acquittal upon the ground that "the facts of this case as presented by the Commonwealth do not constitute an offense against any law of the Commonwealth of Pennsylvania." The motion was refused and the issues of fact submitted to the jury so adequately and impartially that counsel for appellant made no suggestions when invited to do so at the conclusion of the charge. Appellant's motion for a new trial was not pressed but it was urged that the judgment should be arrested because the indictment did not charge an indictable offense.

The question involved upon this appeal is, therefore, whether the acts charged in the indictment and proven to the satisfaction of the jury amount to an offense for which the perpetrator may legally be indicted and punished under the law of this Commonwealth—statutory or common.

The indictment is endorsed "Indecent Assault;" appellant contends that this "is not an indictable offense either at common law or by statute." It is conceded that we have no statute enacting that any person who shall commit the acts charged in this indictment shall be deemed guilty of a misdemeanor and, upon conviction thereof, subjected to a prescribed punishment. The trial judge submitted the case to the jury as a common law offense, saying: "There has been some question here about the basis for this indictment, and we will say to you that we find no statute, no law passed by the legislature, covering this specific charge or act; but we are submitting it to you as an action that is prohibited under the common law, the law as we get it from England, being an action against public morals. So that we say to you that there is an

offense charged in the indictment." This instruction is assigned for error.

Our Penal Code of March 31, 1860, P. L. 382, Sec. 178, p. 425, provides that "every felony, misdemeanor or offence whatever, not specially provided for by this act, may and shall be punished as heretofore." If the offense charged was indictable under that portion of the common law of England which has been adopted in this Commonwealth it is preserved by this section, described by the codifiers as "a saving section": Com. v. Mohn, 52 Pa. 243, 245, and Com. v. McHale, 97 Pa. 397, 407.

Indecent assault is a generally recognized criminal offense; it is defined as the taking by a man of indecent liberties with the person of a female without her consent and against her will, but with no intent to commit the crime of rape: 2 R. C. L. 547, Sec. 26; 5 Corpus Juris 731. In some jurisdictions it is treated as a species of assault and battery and in others singled out and made specifically punishable as an aggravated assault. The age of the child in this case excludes any consideration of the question of her consent. The technical name by which the offense is designated in or on the indictment is not important. In such cases the fundamental offense against organized society is the assault. Where the evidence does not disclose circumstances which would warrant the inference that an assault of this nature was committed with intent to ravish, or with the specific intent to inflict bodily injury, it may properly be described as an "indecent" assault.

We think the acts of which appellant has been convicted, tending as they do to outrage decency and corrupt public morals, were indictable under the common law of England and are now indictable under the common law of Pennsylvania, composed as it is "partly of the common law of England and partly of our own

usages'': Guardians of the Poor v. Greene, 5 Binney 554, 557; Com. v. Lehigh Valley R. R., 165 Pa. 162, 171; Forepaugh v. Railroad Co., 128 Pa. 217, 228.

We, for instance, have retained as indictable the common law offense of being a ''common scold,'' Com. v. Mohn, supra, but have rejected the ''ducking-stool'' as an ''engine of correction'' and substituted fine and imprisonment at the discretion of the court, James v. Com., 12 S. & R. 220. It is not necessary that the Commonwealth be able to point to a ''precise definition'' of an offense in the textbooks or adjudicated cases in order to show that it is an offense at common law: Com. v. McHale, supra. ''Whatever openly outrages decency and is injurious to public morals is a misdemeanor at common law'': Russell on Crimes and Misdemeanors, 8th Ed., Vol. 1, p. 10; 4 Blackstone's Commentaries 65, note. The crimes of common assault and indecent assault were well known to the common law of England and the statutory provisions now in force in that country are cumulative upon, and not in substitution for, the offenses of rape and indecent assault at common law: Russell, supra, Vol. 1, pp. 6 and 909.

This author cites and reviews several cases—Rex v. Nichol at p. 898, and Rex v. Rosinski at p. 899, Vol. 1— in which indecent liberties, similar to those shown by the evidence in this case, were taken with young females and in which it was held that, although the defendants could not be convicted of assaults with intent to rape, they were properly convicted of common assaults. That acts which by their nature tend to the corruption of public morals are indictable under the common law of Pennsylvania is shown by the case of Com. v. Sharpless et al., 2 S. & R. 91, in which the defendants were indicted at common law and convicted of exhibiting an obscene picture. Paraphrasing the remark of Mr. Justice PAXSON in Com. v. McHale, supra, it

may be observed that, if being a common scold or exhibiting an obscene picture so far affects the good of society as to justify indictment and punishment, it is not difficult to conclude that the acts charged and proven against appellant "are not beneath the dignity of the common law, nor beneath its power to punish."

Another contention is that there can be no conviction of a common law offense under the single count in this indictment because it is charged, inter alia, that the offense was "contrary to the form of the Act of the General Assembly in such case made and provided," but no statute could be produced. It is to be noted, however, that the count also charged that the offense was committed "against the peace and dignity of the Commonwealth of Pennsylvania." The test whether an indictment for a common law offense is sufficient is prescribed by section 11 of the Act of March 31, 1860, P. L. 427, 433, relating to penal proceedings and pleadings. It provides that "every indictment shall be deemed and adjudged sufficient and good in law which charges the crime ...... if at common law, so plainly that the nature of the offence charged may be easily understood by the jury." Appellant also had a constitutional right "to demand the nature and cause of the accusation against him." By the indictment, the material parts of which have been quoted, he was fully informed of the nature and cause of the accusation and unless the validity of the count as a common law count is affected by the inclusion of the words "contrary to the form of the Act of the General Assembly," etc., it is a good common law count: Wharton's Precedents of Indictments and Pleas, Vol. 1, p. 268. It was held—and supported by abundant authority—in Com. v. Kay, 14 Pa. Superior Ct. 376, 383, that these words may be rejected as surplusage where the offense is prohibited by the common law only, and that they may be stricken out of the indictment, or the jury instructed to disre-

gard them, as in effect was done in this case: see also Com. v. Richardson, 42 Pa. Superior Ct. 337, 342. It would have been better pleading if this indictment had contained two counts—one for assault and battery under the statute and the other a common law count for indecent assault—as did the indictment in Com. v. Lipschutz, 89 Pa. Superior Ct. 142.

The further contention that the sentence is not in accordance with law, (a) because it is not prescribed by any statute and, (b), should, in any event, have been for an indeterminate term of imprisonment, is without merit. The Act of June 29, 1923, P. L. 975, providing for maximum and minimum limits, applies only where there is a conviction of "any crime punishable by imprisonment in a state penitentiary." The conviction here is of an indictable misdemeanor at common law, defined, Com. v. Flaherty, 25 Pa. Superior Ct. 490, 494, as "such exclusive trespass against good morals or public peace as tends to injure the public, either directly or consequentially, but which does not amount to any higher degree of characterized crime." It was there said that "when a specific punishment is not prescribed it is uniformly and universally understood to be that annexed to common-law misdemeanors, viz: fine and imprisonment: 7 Smith Laws 713." The conclusions we have reached require us to overrule the assignments of error.

The judgment is affirmed and the record remitted to the court below, and it is ordered that the defendant appear in that court at such time as he may be there called, and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.