## Commonwealth v. Rupp

*Andrew T. Park*, district attorney, and *Robert Van der Voort*, assistant district attorney, for Commonwealth.

*Frank Schwartz* and *L. Daniel Schmidt*, for defendant.

KENNEDY, J., December 24, 1941. — Defendant, Howard J. Rupp, was arrested on February 21, 1941, in the Borough of Brackenridge, and held for court on the charge of possession and attempted sale of contra-

ceptives, namely condoms. Said defendant waived a formal bill of indictment and also a trial by a jury. Evidence was taken on behalf of the Commonwealth and then defendant, by his counsel, demurred to the evidence, pursuant to the Act of June 5, 1937, P. L. 1703. There was no reporter at the trial and therefore the assistant district attorney and counsel for defendant agreed in writing to the facts proven by the Commonwealth, which are as follows:

*"Facts*

"At the hearing before his honor, Judge Kennedy, held February 27, 1941, the Commonwealth proved the following facts:

"After complaint police officer Murdock entered a tavern in the Borough of Brackenridge, Allegheny County, Pennsylvania, February 21, 1941, and saw the defendant making a sale of some article to a man in the tavern. Officer Murdock was unable to see what the article was. There were other men in the tavern at the time and the defendant was beside his kit or suit case, which was open. Officer Murdock arrested the defendant, and the suit case, on examination, was found to contain a large quantity of condoms. The defendant was questioned at the Brackenridge police station where he admitted that the condoms in his kit or suitcase were his and he said, 'I didn't know there was any law against selling these.' The defendant was charged with violation of The Penal Code of June 24, 1939, P. L. 872, sec. 525. At the conclusion of the Commonwealth case, the defendant demurred to the evidence under the Act of June 5, 1937, P. L. 1703, and the Commonwealth joined the issue.

L. Daniel Schmidt,
Attorney for Defendant,
Robert Van der Voort,
Asst. District Attorney."

Condom is defined in Gould's Medical Dictionary, Scott's—fourth edition, as follows:

"Condom (kon'-dum) (corruption of Conton, English physician 18th Century, said to be the inventor). A sheath worn over the penis during copulation for preventing conception or infection."

The information in the district attorney's bill of indictment was laid under The Penal Code of June 24, 1939, P. L. 872, sec. 525. That section reads as follows:

"Whoever prints or publishes, or causes to be printed or published, in any newspaper, pamphlet, book or circular, any advertisement of, or sells or keeps for sale, or gives away or publishes an account or description of, or by writing, publishes or circulates any notice of any secret drug, nostrum, medicine, recipe or instrument, purporting to be for the use of females for the purpose of preventing conception, or procuring abortion or miscarriage, is guilty of a misdemeanor, and shall upon conviction thereof, be sentenced to pay a fine not exceeding five hundred dollars ($500), or undergo imprisonment not exceeding one (1) year, or both.

"Nothing contained in this section shall be construed to apply to teaching in regular chartered medical colleges, or the publication of standard medical books."

It will be observed that the only effective part of the above section deals with drugs and so forth "purporting to be for the use of females for the purpose of preventing conception."

The first act in Pennsylvania dealing with contraception is that of March 16, 1870, P. L. 39, sec. 2, which also only prohibits the advertisement, sale or attempted sale of secret drugs, nostrums or other devices purporting to be for the use of females for the purpose of preventing conception, etc. The legislature by the Act of May 12, 1897, P. L. 63, sec. 2, enlarged criminality of those advertising or offering for sale, drugs or medicines therefor. Part of that act reads as follows:

"A person who sells, lends, gives away or in any manner exhibits or offers to sell, lend or give away, or has in his possession with intent to sell, lend or give away, or advertises or offers for sale, loan or distribution, any instrument or article, or any recipe, drug or medicine for the prevention of conception . . . is guilty of a misdemeanor . . ."

It would therefore appear from this act that it was the intent of the legislature to make it a misdemeanor for any person to sell or give away an instrument or an article that could be used to stop conception. This act, has not, so far as we could find, received any judicial determination, especially insofar as it could be considered to incorporate the sale of condoms. The General Assembly of 1939 had before it both the Act of 1870 and the Act of 1879, supra, and repealed both of them when it changed and combined them in The Penal Code, sec. 525.

The assistant district attorney concedes that, under the agreed set of facts, defendant could not be convicted under section 525 of The Penal Code of 1939. He, however, earnestly urges that defendant could be found guilty of a common-law offense, in that defendant committed an act which "openly outrages decency and is injurious to public morals," and cites in support of his position the case of Commonwealth v. DeGrange, 97 Pa. Superior Ct. 181, which is a case of indecent assault upon a minor female of most immature years, and also the case of Commonwealth v. J. & M. Cartusciello, 100 Pa. Superior Ct. 473. Neither of these cases in our opinion is helpful to the Commonwealth in urging that defendant here could be found guilty of an act that openly outraged decency or was injurious to public morals. It should also be borne in mind that the Commonwealth did not urge at the time that defendant, by counsel, demurred to the evidence, that defendant could be adjudged guilty of a common-law offense, which, of course, is still preserved in The Penal

Code of 1939. No cases have been submitted by counsel which concluded that the surreptitious sale of condoms is an offense against public morals. While it is true that the Superior Court has said that the mere fact that an analogous case has not been determined by the courts in no way prohibits the courts from finding that an alleged act is against public morals, yet in this case, since it is admitted by the prosecutor, a police officer of the Borough of Brackenridge, that he did not know what defendant was attempting to sell men customers in a tavern until he seized his kit, therefore it cannot be said that defendant was committing an act against public decency. To make such a ruling now would be to determine that the surreptitious sale of these devices that has been carried on for many years in drugstores has been a crime against public morals.

This court is in full accord with the position taken by the assistant district attorney, that if the attempted sale or the exhibition of these devices were made in mixed company or especially to maturing children, defendant would be guilty of a misdemeanor at common law.

It is, therefore, our conclusion that the demurrer to the evidence must be sustained.

### Order of court

And now, December 24, 1941, the demurrer ex parte defendant to the evidence submitted by the Commonwealth is sustained, and defendant is discharged without day. Costs to be paid by Allegheny County.