## Commonwealth v. Glenny

*Damian J. McLaughlin*, acting district attorney, for Commonwealth.

*Wilbur R. Seabrook*, for defendant.

EVANS, J., December 31, 1945.—This case is before us on a motion to quash an indictment charging that

defendant, with force and arms, did take indecent liberties tending to debauch the morals and manners of Charles M. Deutech, Jr., against the peace and dignity of the Commonwealth of Pennsylvania.

It is admitted that if the injured party had been a female there would be an offense properly charged. It is contended, however, that where the victim is a male there is no recorded case in this State, nor authority under the common law of England, to sustain an indictment. From this it is argued that the alleged offense is not a crime under the common law and that this fact, together with the absence of statutory enactment covering such offenses in this State, requires us to conclude that although the offense is immoral and highly reprehensible, it is nevertheless one for which prosecution may not be had.

In Commonwealth v. Sharpless et al., 2 S. & R. 91, at page 102, the court held:

"What tended to corrupt society, was held to be a breach of the peace and punishable by indictment. The courts are guardians of the public morals, and therefore have jurisdiction in such cases. Hence it follows that an offense may be punishable, if in its nature and by its example, it tends to the corruption of morals; although it be not committed in public."

This principle is affirmed in Commonwealth v. DeGrange, 97 Pa. Superior Ct. 181. "It is not so much a question whether such offenses have been so punished as whether they might have been": Commonwealth v. McHale et al., 97 Pa. 397, 408. "The common law is sufficiently broad to punish as a misdemeanor, although there may be no exact precedent, any act which directly injures or tends to injure the public to such an extent as to require the state to interfere and punish the wrongdoer, as in the case of acts which injuriously affect public morality . . .": Commonwealth v. Miller, 94 Pa. Superior Ct. 499, 507.

It is further contended that consent of the victim to the alleged offense must be considered. It is true that the terms "indecent assault" and "indecent liberties" are convertible and comprehend an assault and battery: Commonwealth v. Gregory, 132 Pa. Superior Ct. 507. This contention, however, is a matter of defense to be considered at the trial rather than now on the motion to quash and from the testimony pertaining thereto and to the circumstances surrounding the entire matter, as well as the age of the victim.

And now, to wit, December 31, 1945, the rule to show cause, granted on the motion to quash the indictment, is discharged and the motion is dismissed.