## Commonwealth ex rel. v. Sherman

*Damian F. McLaughlin*, district attorney, for Commonwealth.

*John Bowler*, for defendant.

LAUB, J., August 24, 1950.—This is a writ of habeas corpus to test the legality of the confinement of John R. Lord, now held in the Erie County Prison charged in two separate complaints with attempted rape on a woman child and contributing to the delinquency of a minor.

Defendant was originally arrested July 11, 1950, on the charge of attempted rape only. Upon arraignment before a justice of the peace he pleaded guilty to the charge. He was bound over to the next term of court and a transcript of the proceedings was duly certified by the justice. The district attorney, having satisfied himself that the facts did not meet the legal test of attempted rape, prepared an indictment charging defendant with indecent assault. On August 3, 1950, defendant appeared before us, waived presentation of

the indictment to the grand jury and entered a plea of guilt to the bill as prepared. He was not then represented by counsel and, upon inquiry by the court as required by law, indicated a desire that the court appoint legal counsel. Competent counsel was appointed who, after reviewing the facts with defendant, called the court's attention to defendant's position that the woman child was over 10 years of age and had consented to the liberties which defendant took with her body. This, as stated in Commonwealth v. Balles, 163 Pa. Superior Ct. 467, 473, could not, if true, support a conviction for indecent assault. In consequence defendant's attempted plea was a nullity. He was thereupon remanded to prison to await trial.

Subsequently, on August 7, 1950, the district attorney had defendant rearrested upon the charge of contributing to the delinquency of a minor. Defendant waived hearing upon this charge and, on August 14, 1950, presented his motion for a writ of habeas corpus to test the right of the Commonwealth to hold him for trial. The writ was made returnable forthwith. A hearing was then held at which a confession was read into evidence wherein defendant admitted the acts complained of. It is not necessary here to enter into all the sordid details of these acts but in view of what we are about to say later in this opinion it is advisable to mention them in outline. In brief, defendant admitted having taken this 10-year-old child in an automobile to a secluded spot. There, after she had removed her underclothing, he took her in a straddling position on his lap and continued in that wise until sexually gratified. He did not attempt to penetrate the girl and there was, in fact, no penetration at all. The evidence disclosed a course of similar conduct covering a period of about six months. It was also testified at the hearing that the child was, at the time of the occurrence, a ward of the juvenile court of this county.

Defendant's position is that since the acts admittedly do not constitute attempted rape, and since the Commonwealth admits the girl's age and her consent to defendant's conduct, he is entitled to be discharged upon that count. He argues further that his conduct does not constitute any "act of omission or commission with respect to any child, which act of omission or commission is a violation of any State law or ordinance of any city, borough or township", as set forth in section (b), par. 2 of the Juvenile Court Law of June 2, 1933, P. L. 1433, 11 PS §244.

We shall dispose of this latter argument first. The first paragraph of section 2 of the Juvenile Court Law, in its entirety, reads as follows:

"Except as hereinafter provided, the several courts, as defined in this act, shall have and possess full and exclusive jurisdiction in (a) all proceedings affecting delinquent, neglected and dependent children; and (b) of all cases of adults charged with contributing to, or encouraging, or tending to cause, by any act of omission or commission, the delinquency, neglect or dependency of any child, or charged with any act of omission or commission with respect to any child, which act of omission or commission is a violation of any State law or ordinance of any city, borough or township."

It will be observed at once that section (b) is divided into two parts. The first part confers jurisdiction on the court where an adult is charged with any act of omission or commission which contributes to, encourages or tends to cause the delinquency, neglect or dependency of any child. There is no limitation or description of the acts of omission or commission encompassed by this phraseology. It is an obvious and artistic expression of the legislative intent to extend the power of the court to punish any adult who is depraved enough to do the things mentioned. The second part of section (b) is merely designed to extend the court's jurisdiction

so as to include acts which are mala prohibita and which might not otherwise be considered encompassed by the first part.

In considering the first portion of section (*b*) it is quite apparent that this defendant falls within the class of persons there sought to be included. Who would be brash enough to contend that what he did here did not contribute to, encourage or tend to cause the delinquency of this child? It has already been decided that immoral acts not amounting to rape or fornication, but committed in the presence of a minor, constitute sufficient grounds to support the charge of contributing to the delinquency of such minor: Commonwealth v. Jordan, 136 Pa. Superior Ct. 242. In that case (p. 251) the court expressed the logical and advanced view that, "Considering the beneficent purpose of the legislation, no court should be astute in finding reasons to relieve those who violate its provisions". We have no disposition to mine these facts for such reasons but believe that such labor would prove fruitless in any event.

Having disposed of the complaint regarding the charge of contributing to the delinquency of a minor, we turn to the question whether this defendant must be discharged on the count of attempted rape. In this connection it must be observed at the outset that the district attorney is not bound by the technical charge laid against a defendant but may, if the facts warrant, charge the commission of any crime cognate to the one set forth in the information. He may do this even though the crime charged is of a higher grade than the one set forth in the information: Maginnis' Case, 269 Pa. 186, 195. See also Nicholson v. Commonwealth, 96 Pa. 503; Commonwealth v. Ruff, 92 Pa. Superior Ct. 530, 536. Our inquiry must therefore be directed, not to whether the facts presented to the court constitute attempted rape for it is admitted that they do not, but whether there is any count cognate to attempted rape

which the district attorney may draw against this defendant.

Turning first to indecent assault, which is the offense to which defendant first attempted to plead guilty, we find several pronouncements of the appellate courts which indicate that the consent of a child over 10 years of age is a complete defense to the charge. Since indecent assault is a common-law offense, we are constrained of course to a consideration of that crime as it existed at common law. The age of consent there bore relation to rape as it then existed. Our own statutory rape is not involved and our modern statute fixing the age of consent at 16 remains unchallenged. Judge Hirt's observations, in passing, in Commonwealth v. Balles, supra, that a child of 11 years of age could consent to indecent liberties was a historical reference to the common-law offense and based upon the much earlier decision of Commonwealth v. Miller, 80 Pa. Superior Ct. 309, 312, which stated categorically that it was not rape either by statute or at common law to have consensual sexual intercourse with a female above the age of 10. To the same effect see Commonwealth v. Orris, 136 Pa. Superior Ct. 137, 141 and Commonwealth v. Exler, 243 Pa. 155. Unfortunately, Mr. Justice Stewart, who wrote the opinion in the Exler case, cites no authority for his conclusion that 10 years was the age of consent at common law, and we suggest with some diffidence that he and the authorities who followed his lead were possibly in error and that at common law the age of consent was 12 rather than 10 years. This was mentioned by President Judge Keller in Commonwealth ex rel. Case v. Smith, Warden, 134 Pa. Superior Ct. 183, 189, where a note in Hawkins Pleas of the Crown was quoted as stating "Sir M. Hale (author of Hales Pleas of the Crown) is of opinion that it is rape to have carnal connection with an infant under the age of twelve years—(that is, with or without her

consent)—because, he observes, twelve years is the age of consent in a female, (H. P. C. p. 731 (631?)). But Mr. J. Blackstone says that the law has been generally held to extend to infants under ten (4 Comm. c. 15 (4 Comm. p. 212)), though it should seem, he added, that infants between ten and twelve are still under the protection of the Statute of Westminster 1."

Admittedly, most American authorities agree that 10 years was the common-law age of consent although 52 C. J. 1020, and Burdick's Law of Crime, vol. 2, sec. 486, cite State v. Pierson, 44 Ark. 265, and State v. Tilman, 31 Am. R. (La) 236, as agreeing with Hale.

The American misconception may well have arisen by reason of the comments of Blackstone as noted above. But this statement of his, if accepted at face, indicates that the age of consent at common law was 12 years. The entire section referred to above (*212) reads as follows:

"In the 3 Edw. 1., by the statute Westm. 1, c. 13, the punishment of rape was much mitigated; the offense itself of ravishing a damsel within age, (that is, twelve years old,) either with her consent or without, or of any other woman against her will, being reduced to a trespass, if not prosecuted by appeal within forty days, and subjecting the offender only to two years' imprisonment and a fine at the king's will. But, this lenity being productive of the most terrible consequences, it was in ten years afterwards, 13 Edw. 1., found necessary to make the offense of forcible rape felony, by statute Westm. 2, c. 34. And by statute 18 Eliz. c. 7, it is made felony without benefit of clergy; as is also the abominable wickedness of carnally knowing and abusing any woman child under the age of ten years; in which case the consent or non-consent is immaterial, as by reason of her tender years she is incapable of judgment and discretion . . . though it should seem that damsels between ten and twelve are still under the protection

of the statute Westm. 1, the law with respects to their seduction not having been altered by either of the subsequent statutes."

If this statement be true, then the statute of Elizabeth, which was passed 300 years after the Westminster statutes, merely made the offense of rape of a woman child under 10 a more serious one than where the child was between the ages of 10 and 12. It was still a misdemeanor, punishable by two years' imprisonment to have consensual intercourse with a girl between those ages as established by the First Westminster Statute. In consequence, the age of consent at common law was 12, not 10, and one who took liberties with the person of a child under 12 was guilty of an assault even if she consented to the act.[1] But this matter is not one involving the Constitution and so we are not at liberty to disregard appellate pronouncements even though convinced our law has taken the wrong fork in the road.

But assuming a case where recourse could not be had to the statute against contributing to the delinquency of a minor, would the law, as guardian of the public morals be impotent to apprehend and punish a malefactor bent upon lustful exploitation of young girls merely because they had achieved the age of 10, or even of 12? We think not. In Commonwealth v. DeGrange,

---

[1] Blackstone supplies other references which indicate that at common law the age of consent was 12. In book I, ch. 15, *436(2) he fixes the age at which a female could consent to marriage at 12 years. In ch. 17, *463(2) he reiterates that she could consent to marriage at 12. In book II, ch. 32, *497(1), discussing the power of infants to make wills, he cites the civil law as holding a female under 12 to be an infant, and in book IV, ch. 2, *23, he cites the Saxon law as fixing 12 years as the age of possible discretion. Again, in the same book, ch. 15, *214, he quotes the law as holding a 12-year-old girl a competent witness against one charged with raping her. It is to be noted that the age of consent at common law apparently had no relation to the ages fixing responsibility for crime.

97 Pa. Superior Ct. 181, 186, Russell on Crimes and Misdemeanors, 8th ed., vol. 1, p. 10, was approvingly quoted thus: "Whatever openly outrages decency and is injurious to public morals is a misdemeanor at common law." In Commonwealth v. Orris, supra (p. 146), it is said: "Among the offenses described as misdemeanors at common law are those less than felony, but such 'trespasses against good morals' as tend 'to outrage decency.'" In Commonwealth v. McHale, 97 Pa. 397, 410, the Supreme Court said:

"We are of opinion that all such crimes as especially affect public society are indictable at common law. The test is not whether precedents can be found in the books, but whether they injuriously affect the public police and economy."

We shall not long dwell upon speculation whether the acts of this defendant outrage decency or constitute a trespass against good morals. A contrary conclusion would do violence to the dictates of common sense. Lewdness and obscenity of every kind debauches the morals and manners of the people and this is especially so when children of tender years are involved. To make such conduct punishable it is not necessary that it be done in public: Commonwealth v. Sharpless, 2 S. & R. 91, 101. It is only necessary that the offense might have been punishable at common law even though no supporting case can be found on the facts. In this respect the age of consent is not involved, for that question only arises where the term "assault" is used in describing a crime. In the Sharpless case, supra, the Supreme Court cited the opinion of Lord Mansfield in King v. Delaval, etc., that the seduction of a woman under 21 years old and keeping her as a mistress was a common-law offense. See also Judge Evans' opinion in Commonwealth v. Glenny, 54 D. & C. 633.

We are of the opinion that the district attorney may proceed under the present information by charging a

common-law offense cognate to the one laid therein, the technical name designated in or on the indictment being unimportant so long as it does not define or describe an offense not supported by the facts: Commonwealth v. DeGrange, supra, p. 185. If defendant is convicted on the indictment so drawn and also on the charge of contributing to the delinquency of a minor, he can, of course, be sentenced on only one count.

And now, to wit, August 24, 1950, relator is remanded.