## Commonwealth v. Barrett

*Raif E. Gilbert*, Assistant District Attorney, for Commonwealth.

*Leonard B. Sokolove*, for defendant.

BIESTER, P. J., May 8, 1969.—Defendant, Margaret Barrett, has been convicted by a jury of the offense of being a common scold. Defendant has moved for a new trial and has filed a motion in arrest of judgment, but presses only the motion in arrest of judgment, agreeing, inferentially, that the court committed no reversible trial error and that its charge was appropriate. The question for our determination is whether the evidence presented to the jury justified a conviction of this ancient common-law offense.

After a careful examination of the few cases relating to this charge, we believe that the trial court's description of the offense was accurate and, therefore, quote directly from the court's instructions to the jury as follows:

"A common scold is a troublesome woman who by brawling and wrangling breaks the peace, increases discord and becomes a neighborhood nuisance . . . She is one who is habitually quarrelsome and of a wrangling nature. There must be a continuity of scolding practice and one or two isolated instances is not sufficient. The continuity must be such as to justify the neighborhood in which the defendant lives to anticipate that this course of conduct will continue. Therefore, conduct which is offensive or objectionable to one or two people, would not constitute a common nuisance. Conduct which is objectionable or offensive to a considerable number of people, but which occurred on only one or two or a few isolated occasions, would not sustain a conviction.

"You must clearly understand that a common scold is not a person who quarrels with her neighbor, . . . It is not a situation where two neighbors get into arguments and during the course of arguments names are called back and forth. Now, in order to constitute this crime, it must be, I repeat, of such nature as to result in the defendant's being a common nuisance, not a nuisance to an individual, but a nuisance to the neighborhood. Primarily, the question here is not only, one, whether the language and conduct attributed to this defendant took place, but whether as a result thereof, she became a nuisance in the community in which she lives."

For further definition see Commonwealth v. Mohn, 52 Pa. 243; Commonwealth v. Scaramella, 5 D. & C. 2d 77; Commonwealth v. Hamilton, 52 D. & C. 485; 4 Blackstone, sec. 168; Wharton's Criminal Law, 12th ed. vol. 2 p. 2001; Baker v. State, 53 N. J. L. 45, 20 Atl. 858; State v. Reynolds, 243 Minn. 196, 66 N. W. 886; United States v. Royall, 27 Fed. Cases 907.

In the instant case, there is ample evidence that defendant called both the prosecutrix, her husband and

their foster children vile and opprobrious names and made indecent gestures toward these neighbors. It was also testified that she used the same type of language when the prosecutrix and her husband had guests at their home and that, at times, the language so used was uttered in a loud and boisterous manner which could be heard, according to witnesses, at some distance. Although defendant did not agree that she was guilty of using all of the language and conduct attributed to her, she did admit that she had used certain detestable phrases when addressing Mr. and Mrs. Steptoe.

The Steptoes only called one witness in their support, a Mrs. Boykins, who had previously lived in the neighborhood and who testified that in the year 1958 when she attempted to park her car in front of defendant's home, defendant said to her "If you are going into that bitch's home, you move your car." She also referred to two other occasions, one in the summer of 1965 and the other in the spring of 1966, at which times highly objectionable language was used by defendant, addressed to no one in particular, but clearly intended for the Steptoes.

We have come to the regrettable conclusion that the evidence was insufficient to warrant the conviction, because of the lack of acceptable evidence that defendant's shameful conduct, gestures and words were sufficient to constitute a common, or public nuisance in the area in which the parties lived. We say regrettably, for the words and gestures attributed to her and which the jury must have believed in order to render a verdict against her were at the least, very shocking and reprehensible. Nevertheless, they were directed only to her immediate neighbors and, although there appears in the testimony some allusion to the words having been spoken in a loud voice, there is a lack of supportive evidence to establish that

such words and her general conduct, were offensive to the general community. For these reasons, we make the following

## ORDER

And now, to wit, May 8, 1969, defendant's motion in arrest of judgment is granted and defendant, Margaret Barrett, discharged.