## Commonwealth *v.* O'Brien, Appellant.

Argued April 21, 1933. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, DREW and LINN, JJ.

*Charles Edwin Fox,* of *Fox, Rothschild, O'Brien & Frankel,* with him *Caldwell, Fox & Stoner,* for appellant.

*Carl B. Shelley,* Assistant District Attorney, with him *Karl E. Richards,* District Attorney, for appellee.

OPINION BY MR. JUSTICE DREW, September 25, 1933:

Defendant, George O'Brien, was indicted under section 48 of the Criminal Code of March 31, 1860, P. L. 382, for bribery, the indictment charging that he had offered and promised to give Richard J. Beamish, the Secretary of the Commonwealth, the sum of $20,000 to influence his decision in awarding a contract for the purchase of voting machines for the City of Philadelphia. The jury found him "guilty of attempt to bribe." His motion in arrest of judgment and for a new trial having been overruled, he was sentenced to pay a fine of $5,000 and undergo imprisonment for not more than a year nor

less than six months. From the order of the Superior Court affirming the judgment and sentence, this court, on defendant's petition, allowed an appeal.

The facts of the case are stated fully in the opinion of the Superior Court, 107 Pa. Superior Ct. 569. It is unnecessary for us to restate them here, inasmuch as we are of opinion that serious and fundamental error in the charge to the jury requires that a new trial be granted. Mr. Beamish, upon whose testimony the case of the Commonwealth depended, testified that defendant, in an interview with him in his office, had said to him, "There will be a nice present in it for you, if the Shoup Machine gets the award," and "There will be $20,000 in it for you if the Shoup Company gets the award." In reviewing this testimony in his charge, the learned trial judge told the jury that Mr. Beamish had said that the defendant "said that he would give him $20,000, or the Shoup Company would give him $20,000 if he would award the contract to that company." This variance between the testimony of the witness and the judge's account of it was of such nature as seriously to prejudice the interests of the defendant and deprive him of a fair trial. The gravity of the variance is manifest. It had the effect, if the jury accepted the version of the trial judge, of entirely removing from their consideration the uncontroverted testimony in the case which showed that defendant, at the time he talked with Mr. Beamish, had been unable to find any work for more than a year, was entirely without means, and had no connection whatever with the Shoup Company. Mr. Beamish's own testimony shows that the defendant informed him of these facts at the time he had his talk with him. If they were true, since defendant had positively denied that he had made an offer of any kind to Mr. Beamish, it certainly was for the jury to determine the probability of whether a man in defendant's indigent situation, without any connection whatever with the Shoup Company, could or would have offered a $20,000 bribe. The probable effect of the

statement of the learned trial judge was to withdraw from the jury all consideration of this very material testimony, which was presented to show the improbability of defendant's having made such an offer. While doubtless inadvertent, this serious error had the effect of depriving the defendant of a fair trial.

The Superior Court noted this variance and called attention to the desirability of a trial judge adhering to "the exact words alleged to have been employed by the defendant," but declined to reverse the case on that ground because defendant's counsel had taken no exception to the charge. In this we believe that learned court erred. A man is not to be deprived of his liberty and reputation because of the inadvertence of a trial judge or the carelessness of his counsel in failing to call the attention of the trial court to palpable error which offends against the fundamentals of a fair and impartial trial.

Judgment reversed and a venire facias de novo awarded.