Miller et ux. *v.* Dierken et al., Appellants.

Argued November 15, 1944.  Before KELLER, P. J.,
BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

*J. Campbell Brandon,* with him *Brandon & Brandon,*
for appellants.

*Lee C. McCandless,* with him *Marshall & McCandless*
and *James C. Marshall,* for appellees.

OPINION BY RHODES, J., March 5, 1945:

This is a second action in ejectment between the same parties wherein plaintiffs seek forfeiture of an oil·and gas lease because of the nonpayment of royalty. The controversy involves two producing wells operated by defendants; the land is owned by plaintiffs.

The first action in ejectment, based on nonpayment of royalty by defendants from the same two wells, was filed November 25, 1938. The trial judge directed a verdict for defendants; judgment was entered on the verdict; plaintiffs appealed to this court. We affirmed the judgment of the court below on September 13, 1943. *Miller et ux. v. Dierken et al.*, 153 Pa. Superior Ct. 389, 33 A. 2d 804.

The second action was instituted on September 23, 1941, while the appeal to this court was pending. The jury rendered a verdict for defendants on January 28, 1942. On December 31, 1943, the court below refused plaintiffs' motion for judgment n. o. v. They filed no motion for a new trial, but the court nevertheless granted a new trial on the ground that the trial judge had erroneously submitted to the jury a question of fact which was admitted by the pleadings. The nature of this factual question does not appear in the opinion of the court below. Defendants have appealed from the order granting a new trial, and contend that their motion for a compulsory nonsuit should have been granted.

In both actions the issue was whether plaintiffs or defendants were entitled to the royalty interest in these two wells. We pointed out in the first case that plaintiffs had failed to show title to the royalty interest in these two wells under the terms of the Frazier lease, which was the basis of their claim. Not only did plaintiffs fail in the first action to establish that these wells were drilled and the royalty interest created under the terms of the Frazier lease, but the evidence produced tended strongly to show that these two wells and any royalty interest thereunder antedated the Frazier lease

and any claims to royalty which plaintiffs asserted. In affirming the directed verdict for defendants we said (153 Pa. Superior Ct. 389, at page 395, 33 A. 2d 804, at page 807): "Plaintiffs must recover on the strength of their own title and not on the weakness of defendants' title. Artz v. Meister, 278 Pa. 583, 586, 123 A. 501. Or, as said in Robinson et al. v. Pierce et al., supra [278 Pa. 372, 378, 123 A. 324], in an action of ejectment, plaintiffs must rest on the validity of their own title. They have failed to establish by title or otherwise the essentials for recovery."

We are of the opinion that plaintiffs are barred from maintaining the present action under the well-established doctrine of res judicata. Defendants raised the defense of res judicata, in substance, in the motion for compulsory nonsuit filed in the court below before any testimony was taken at the second trial. The motion of defendants was based on the Act of May 8, 1901, P. L. 142, 12 PS §1553, which provides that one verdict and judgment entered thereon in ejectment shall be final and conclusive between the parties. This act may very properly be considered as a legislative embodiment of the general principles of res judicata.

All the necessary elements to make the matter res judicata were present. There was identity of persons and of parties to the action, identity of capacity, identity in the things sued for, identity of the cause of action. The general rule was applicable. *Bertolet v. Lanard,* 135 Pa. Superior Ct. 245, 247, 5 A. 2d 441; *Nevling v. Commercial Credit Co.,* 156 Pa. Superior Ct. 31, 35, 39 A. 2d 266. The parties were the same in both actions; the royalty claimed by plaintiffs concerned the same two wells operated by defendants; the cause of action was the same in both suits; the relief sought in both cases is identical. We think it is obvious that the former ejectment action was a bar to the second action; the same cause of action between the same parties cannot be retried.

In our opinion, the doctrine of res judicata, which is applicable here, covers all matters which could have been raised or presented in the former action as well as those actually litigated. *Central Pennsylvania Lumber Co. v. Carter et al.*, 348 Pa. 429, 431, 35 A. 2d 282; *Nevling v. Commercial Credit Co.*, supra, 156 Pa. Superior Ct. 31, 35, 36, 39 A. 2d 266; *Chicot County Drainage District v. Baxter State Bank*, 308 U. S. 371, 375, 84 L. Ed. 329, 333. The proceedings in the first ejectment action were offered in evidence by plaintiffs at the trial of the instant case; this was apparently done on the erroneous theory that it was necessary to show plaintiffs were unsuccessful in their first action. However, the doctrine of res judicata, predicated on the fundamental ground of public policy, may operate as a bar although not specifically raised by the parties in the court below. *State Hospital for Criminal Insane v. Consolidated Water Supply Co.*, 267 Pa. 29, 110 A. 281.

Plaintiffs should have put in all their evidence on the first trial. If it was their desire to raise new matters or question our opinion affirming the judgment for defendants in the first action they should have presented a motion for reargument to this court. They have had their opportunity; and the former judicial determination of the controversy is conclusive between the parties.

Defendants' motion for compulsory nonsuit should have been granted, based, as it was, on the plea to the effect that the issue was res judicata, and that the former ejectment action was an absolute bar to the maintenance of the present action. The question raised by defendants' motion was one of law, and it was error for the court below, under the circumstances, to grant a new trial. See *Roeper v. Monarch Life Ins. Co.*, 138 Pa. Superior Ct. 283, 288, 11 A. 2d 184; *Aland v. P-G Publishing Co.*, 337 Pa. 259, 262, 10 A. 2d 5.

The order of the court below granting a new trial is reversed, and judgment is entered in favor of defendants.