Commonwealth *v.* Balles, Appellant.

468

Argued September 27, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Fred T. Cadmus, 3rd,* for appellant.

*Henry Stuckert Miller,* Assistant District Attorney, with him *John M. Kurtz, Jr.,* District Attorney, for appellee.

OPINION BY HIRT, J., November 9, 1948:

For reasons stated in *Commonwealth v. Balles,* 160 Pa. Superior Ct. 148, 50 A. 2d 729, we reversed judg-

ments of sentence and granted new trials on four charges upon which defendant had been convicted in Montgomery County. In addition to these convictions, which were the subjects of the first appeal, defendant had been found guilty by the same jury of adultery and indecent assault on the identical evidence upon which he was found guilty of statutory rape of Joyce Myrtle Owens, an eleven-year-old girl. Thereafter, on February 4, 1947, upon facts alleged in defendant's petition, a change of venue was ordered from Montgomery County to Chester County for the retrial of all pending charges against the defendant. At the second and also at the third trial of the defendant held in Chester County, the jury disagreed and was discharged. In the present trial, defendant was before the court on the single charge of statutory rape of Joyce Myrtle Owens. The jury found him guilty, but only of the attempt to commit the crime of statutory rape laid in the indictment, and he was sentenced. In the prior appeal on our review of the conviction of defendant at the first trial, we had no doubt as to his guilt on this same charge of statutory rape, and the jury, on the evidence before it in this the fourth trial, well might have found him guilty of the consummated act and not of the attempt merely. Our opinion in the former appeal refers to the facts which were established in the present trial also; we need not review them here in their sordid detail. The sufficiency of the evidence, to sustain the present verdict of guilty beyond all reasonable doubt, is not, nor can it be questioned. We reversed the judgment in the first appeal because defendant's basic rights had been invaded by the Commonwealth in the conduct of the trial. It is contended here that defendant is entitled to a fifth trial of this case for similar reasons, specifically, because in a number of respects alleged, he did not receive a fair and impartial trial. With this we cannot agree; the judgment of sentence will be affirmed.

Defendant has assigned as prejudicial error the criticism of his counsel by the trial judge during the cross-examination of the young girl, whom we will refer to as Joyce (Record, page 147). In that instance counsel was criticized by the court for attempting to read into the record the testimony of this Commonwealth witness as given at a former trial when there was no variance in her testimony and none was alleged. The trial judge reminded counsel that the time of an alleged prior intercourse of defendant with Joyce, which was then the subject of cross-examination, in relation to the date of the first trial, was not disputed. After the discussion, the court stated: "It is agreed that [the first trial was] two months after the occurrence". Thereupon defendant's counsel stated: "It was a matter of record and I apologize to the court; I accept your Honor's remarks at this point". Defendant counsel then clearly did not consider the incident prejudicial and no exception was taken to the remarks of the court. The trial judge, later, correctly instructed defendant's counsel as to the proper method of contradicting a witness by the record of prior testimony. But notwithstanding counsel's apparent acquiescence in the ruling of the court, he persisted in his attempts to read into the record other portions of Joyce's testimony given in a former trial, without any offer to show that it in any way contradicted her testimony given at the pending trial. Counsel's persistence in this respect invited other criticisms of his conduct by the trial judge. Even where exception was taken to these remarks of the trial judge there was no motion to withdraw a juror. Defendant was not harmed. Under the circumstances the criticisms were justified and the court cannot be charged with prejudicial error because of them. Cf. *Fischer v. Commercial Nat. Bank,* 321 Pa. 200, 184 A. 57. The cases relied upon by defendant, viz.: *Commonwealth v. Stallone,* 281 Pa. 41, 126 A. 56; *DiBona, Admr., v. P. T. C.,* 356 Pa. 204, 51 A. 2d 768, have no application.

Similarly there is no merit in defendant's contention that he was prejudiced by statements of the District Attorney in two instances in closing to the jury. The remarks are not made the subject of assignments of error nor are they referred to in the statement of questions involved. Nevertheless we have examined them and agree that the remarks were not improper under the circumstances and did not in fact, nor were they intended to, inflame the jury. The trial judge in his charge refers to these remarks (pp. 422-424; 449-450, of the record) in their proper light and from an excess of caution, asked the jury to disregard them.

Defendant testified that Joyce, the young girl involved, had been punished for misconduct and that she, in retaliation, had threatened "to get even" with the defendant. It was argued that this punishment supplied a motive for Joyce to give, what was alleged to be, perjured testimony on the trial of this case. Defendant in this connection contends that there is reversible error in the rulings of the trial judge limiting his counsel's cross-examination of Joyce. She had testified that defendant had intercourse with her on prior occasions and always in his living quarters in the school building. The court sustained the Commonwealth's objection to her testimony that Mrs. Balles was present on one occasion when intercourse occurred. The court also sustained an objection by the Commonwealth to a question put to Joyce as to whether she had ever been punished for masturbation. Since the credibility of Joyce, an important witness for the Commonwealth, was directly in issue, the court well might have allowed defendant's counsel far greater latitude in cross-examining her to impeach her credibility, than is shown by the record. However, under the circumstances we feel that no reversible error was committed inasmuch as the answers sought to be elicited by the defendant from Joyce did actually come from her elsewhere in the course of her examination or were testi-

fied to positively by the defendant. Joyce elsewhere in her testimony stated that Mrs. Balles was present when the defendant had intercourse with her and there was no motion to strike out this testimony. The defendant testified positively that Joyce had been punished for masturbation; and that statement was not stricken from the record and it was not denied.

In Montgomery County, at the first trial in March 1946, the defendant was tried on the present charge and also for adultery with Joyce on Bill 188-9, and on Bill 188-3 for indecent assault. The jury found the defendant guilty of the adultery and of indecent assault on the identical facts offered to convict him of statutory rape of the child on January 12, 1946. As to the adultery verdict sentence was "suspended" on August 6, 1946. In reality this order was not a suspension of sentence, for no sentence had been imposed. The order was one merely deferring sentence. As to indecent assault, defendant's motion for a new trial was treated as a motion in arrest of judgment and on the same date the trial court directed a verdict of "not guilty be entered" on that Bill. It is conceded by the Commonwealth that on or about May 1, 1947, defendant filed a special plea in bar—not to Bill 180 charging statutory rape, but to a retrial of the charge of adultery on Bill 188-9 because of his prior conviction, and on September 15, 1947, a plea of autrefois acquit, in bar of a retrial of the charge of indecent assault on Bill 188-3, because of the order in arrest of judgment after a conviction on that charge.

Neither a plea of autrefois convict, nor of defendant's former acquittal of the charge of indecent assault (even if that be regarded as the effect of the Court's order) can invalidate the present conviction of defendant on the indictment charging statutory rape. The test is whether the evidence necessary to support the conviction of attempt to commit statutory rape would have been sufficient to sustain a conviction of indecent as-

sault. *Commonwealth v. Moon,* 151 Pa. Superior Ct. 555, 30 A. 2d 704. Indecent assault is defined "as the taking by a man of indecent liberties with the person of a female *without her consent and against her will,* but with no intent to commit the crime of rape" (emphasis added). *Com. of Pa. v. DeGrange,* 97 Pa. Superior Ct. 181, 185. The facts in the present case do not fall within the definition. Defendant's acts forming the basis of the verdict of attempted statutory rape, as determined by the jury upon sufficient evidence, were committed with *full consent* of the child, she being above the age of consent at common law. *Commonwealth v. Miller,* 80 Pa. Superior Ct. 309, 312. Defendant's conduct therefore could not have supported a conviction of indecent assault.

As to defendant's prior conviction of adultery, the refusal of the lower court to arrest judgment on that ground was not made the subject of any assignment of error nor is it referred to in the statement of questions involved. The legal question, therefore, is not properly raised on this appeal. Moreover, no special plea of any nature was entered during the present trial as a bar on any ground to a conviction of the defendant on the charge of statutory rape on Bill 180. And, since a plea of autrefois convict of adultery was not interposed as a bar to a conviction on the present charge, the right to take advantage of such plea may be regarded as waived. 14 Am. Jur., Criminal Law, §280; *Commonwealth v. Greevy,* 271 Pa. 95, 104, 114 A. 511. We are not content, however, to dispose of this appeal on grounds so formal and technical.

Sentence had been deferred on the verdict of guilty on the adultery charge. Such order is not a final judgment. *Com. ex rel. Paige v. Smith, Warden,* 130 Pa. Superior Ct. 536, 198 A. 812; *Commonwealth v. Rankin et al. (No. 1),* 158 Pa. Superior Ct. 1, 43 A. 2d 436. This was the state of the record as to the adultery conviction

when we granted a new trial on the statutory rape charge. Since the testimony on both charges was identical, the legal effect of our order was to reopen the charge of adultery. The lower court could not thereafter set aside its order and impose a legal sentence on the adultery conviction. This must be taken as conceded by the defendant. For in his petition for a change of venue he specifically referred to Bill of Indictment 188-9 as one of the charges subject to a new trial as well as the second count of Bill 188-3. That the lower court clearly recognized the proper legal effect to be given to our order granting a new trial is clearly shown by its action on defendant's petition for change of venue in transmitting all three of the indictments and all of the papers to the court of Chester County for proper action therein. The converse of the situation presented by the present appeal arose in *Com. v. Danis,* 130 Pa. Superior Ct. 597, 198 A. 483. There, defendant was tried on an indictment for arson containing five counts. He was found guilty on the third count and not guilty on the other four. On appeal, defendant was granted a new trial. It was held that he could not plead his prior acquittal on the four counts in bar of a retrial on the third count. Under the law no injustice to defendant can result from our application of the above principle. We granted a new trial on the first appeal because of fundamental basic errors depriving the defendant of a fair trial. Our order of a new trial on Bill 180 nullified the verdict of guilty on the adultery charge since the evidence necessary to convict was the same in both cases. Cf. *Commonwealth v. Trunk,* 311 Pa. 555, 564, 565, 167 A. 333.

Moreover the plea of autrefois convict as to the adultery, could not be interposed as a plea in bar even if it had been properly presented in the court below. The plea of autrefois convict, in our considered opinion, although there are cases to the contrary in some other

states, applies only to the conviction followed by a judgment. And a verdict of guilty upon which sentence is deferred, though a conviction in a popular sense is not a *conviction* in law. "When the law speaks of conviction, it means a judgment, and not merely a verdict, which in common parlance is called a conviction": *Commonwealth v. Miller,* 6 Pa. Superior Ct. 35; *Commonwealth v. Mc-Dermott (No. 2),* 224 Pa. 363, 73 A. 427. A judgment upon which a plea of autrefois convict may be predicated must of necessity be a final judgment. In *Com. v. Rockafellow,* 3 Pa. Superior Ct. 588, we said: "A verdict and judgment, whether of conviction or acquittal, upon an indictment, is a final adjudication of the question at issue—the guilt or innocence of the defendant." In the light of the foregoing principles it is apparent that under the circumstances of the instant case, the prior conviction of defendant of adultery upon which sentence was deferred by the Montgomery County Court could not properly serve as the basis for the plea of autrefois convict at a subsequent trial in Chester County. It would be anomalous indeed if a defendant could, after being convicted at a single trial of two cognate offenses on the same facts, after being sentenced on only one, secure a new trial on the charge on which sentence had been imposed and then successfully urge that the remaining conviction on which sentence had been deferred, of itself, nullified the appellate court's order of a new trial.

Assignments of error numbered 5, 6, 8 and 9 were not argued orally. However, we have considered the questions raised by all of the defendant's assignments and find no merit in any of them.

Judgment of sentence affirmed.