Commonwealth *v.* Yahnert, Appellant.

Argued November 10, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Thomas A. Young,* Public Defender, for appellant.

*William G. Shahade,* Assistant District Attorney, with him *Ferdinand F. Bionaz,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., March 19, 1970:

Appellant was indicted March 4, 1968, by the Cambria County grand jury on Bill No. D-42 March Term, 1968. On March 21, 1968, appellant was brought to trial on that indictment. The record indicates that a jury was sworn and that the Commonwealth presented its case. Appellant entered a demurrer to the evidence, which demurrer was sustained. The Commonwealth did not appeal from that ruling.

Appellant was again indicted on September 3, 1968, by the Cambria County grand jury on Bill No. D-65 September Term, 1968. Comparison of the March and September bills indicates they both present *the same charge in identical language.* Appellant was convicted on the September bill. No plea of res judicata or autrefois acquit was made in the lower court. This appeal followed.

The question apparent on the record is whether appellant could be re-indicted on a charge to which a demurrer had been sustained, from which ruling no appeal was taken by the Commonwealth.[1]

---

[1] Although the question was not presented below, we believe it is incumbent upon us to consider a question that raises "basic and fundamental" error. See *Commonwealth v. Williams*, 432 Pa. 557, 248 A. 2d 301 (1968) (BELL, C. J.). "A man is not to be deprived of his liberty and reputation because of the inadvertence of a trial judge or the carelessness of his counsel in failing to call the attention of the trial court to palpable error which offends against the fundamentals of a fair and impartial trial." *Commonwealth v. O'Brien*, 312 Pa. 543, 546, 168 A. 244 (1933). In civil cases, moreover, we have considered the plea of res judicata, although not raised below. "[T]he doctrine of res judicata, predicated on the fundamental ground of public policy, may operate as a bar although not specifically raised by the parties in the court below." *Miller v. Dierken*, 157 Pa. Superior Ct. 69, 72, 41 A. 2d 438 (1945) (RHODES, J.). See *State Hospital for Criminal Insane v. Consolidated Water Supply Co.*, 267 Pa. 29, 110 A. 281 (1920) (MOSCHZISKER, J.). See also *Posternack v. American Casualty Company of Reading*, 421 Pa. 21, 218 A. 2d 350 (1966).

The order of the trial judge sustaining appellant's demurrer to the charge set forth in Bill No. D-42 March Term, 1968, was final and appealable. *Commonwealth v. Heller*, 147 Pa. Superior Ct. 68, 24 A. 2d 460 (1942); *Commonwealth v. Kerr*, 150 Pa. Superior Ct. 598, 29 A. 2d 340 (1942); *Commonwealth v. Fox*, 181 Pa. Superior Ct. 292, 124 A. 2d 628 (1956); *Commonwealth v. Mason*, 211 Pa. Superior Ct. 328, 236 A. 2d 548 (1967) (MONTGOMERY, J.). The Commonwealth should have appealed to this Court within forty-five days. Act of May 19, 1897, P. L. 67, §4, as amended, 12 P.S. §1136. The Commonwealth having failed to appeal, the action of the court on Bill No. D-42 is res judicata as to the charge contained therein. "An order sustaining a demurrer is final and the Commonwealth has the right to appeal without any further action on the part of the court below. Where no timely appeal is taken the matter becomes res judicata." *Commonwealth v. Wydo*, 205 Pa. Superior Ct. 62, 64, 208 A. 2d 12 (1965) (Per Curiam).

The effect of the above was to preclude a new indictment.[2] "[T]he judgment entered on the demurrer,

---

We see no purpose in postponing inevitable relief until appellant files a P.C.H.A. petition alleging ineffective assistance of counsel, Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, §3(c)(6), 19 P.S. §1180-3(c)(6); see *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A. 2d 349 (1967), or until appellant files a petition for writ of habeas corpus in federal court, compare *Fay v. Noia*, 372 U.S. 391, 83 S. Ct. 822 (1963), with *Ex parte Lange*, 85 U.S. (18 Wall.) 163; *In re Snow*, 120 U.S. 274, 7 S. Ct. 556 (1887); *In re Nielsen*, 131 U.S. 176, 9 S. Ct. 672 (1889).

We consider as dicta and not controlling any statements to the contrary in *Commonwealth v. Balles*, 163 Pa. Superior Ct. 467, 62 A. 2d 91 (1948), and *Commonwealth v. Gibbs*, 167 Pa. Superior Ct. 79, 74 A. 2d 750 (1950).

[2] "We do not suppose that it would be doubted that a judgment upon a demurrer to the merits would be a bar to a second indictment in the same words." *United States v. Oppenheimer*, 242 U.S. 85, 87, 37 S. Ct. 68 (1916) (HOLMES, J., for a unanimous court).

if sustained, is a discharge, and bars a second prosecution for the same cause . . ." *Commonwealth v. Marino,* 142 Pa. Superior Ct. 327, 330, 16 A. 2d 314 (1940). See *Commonwealth v. Fox,* supra; *Commonwealth v. Wydo,* supra. Bill No. D-65 September Term, 1968, hence, was a nullity.

Judgment of sentence is vacated and appellant is discharged.[3]

DISSENTING OPINION BY WRIGHT, P. J.:

At oral argument, the writer initially questioned the validity of a second indictment following the sustaining of a demurrer at trial on the first indictment. Counsel stated in open court that this question was not raised or being argued. It is my view, therefore, that the defense of autrefois acquit was waived. See *Commonwealth v. Gibbs,* 167 Pa. Superior Ct. 79, 74 A. 2d 750, and *Commonwealth v. Balles,* 163 Pa. Superior Ct. 467, 62 A. 2d 91.

I would affirm the judgment of sentence.

[3] We decline, accordingly, to face the other serious questions raised in this case.