148

Commonwealth *v.* Smith et al., Appellants.

Argued June 12, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Michael A. O'Pake* and *Emmanuel H. Dimitriou,* with them *Martin W. Binder, Laurence F. Ward,* and *Marx, Ruth, Binder & Stallone,* and *Lieberman & Dimitriou,* for appellants.

*Grant E. Wesner,* Assistant District Attorney, with him *Robert L. Van Hoove,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, September 18, 1970:
Judgment of sentence affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:

Appellants were convicted of disturbing the peace and disorderly conduct by a justice of the peace of Oley Township, Berks County. Both convictions were based upon violations of Oley Township Ordinances. Appellants were subsequently convicted of riot and related offenses by the Court of Common Pleas of Berks County, convictions based upon the same acts as were involved in the violations of the two township ordinances. No claim of double jeopardy, however, was entered at the trial for riot. Subsequently, the Supreme Court decided *Waller v. Florida,* 397 U.S. 387, 90 S. Ct. 1184 (1970). On appeal from judgment of sentence, appellants claim that their riot convictions were violative of the guarantee against double jeopardy.

In *Commonwealth v. Yahnert,* 216 Pa. Superior Ct. 159, 264 A. 2d 180 (1970), we held that we would consider on review a plea of res judicata or autrefois acquit even though not raised below. We said that "we believe it is incumbent upon us to consider a question that raises 'basic and fundamental' error. See Commonwealth v. Williams, 432 Pa. 557, 248 A. 2d 301 (1968) (BELL, C. J.). 'A man is not to be deprived of his liberty and reputation because of the inadvertence of a trial judge or the carelessness of his counsel in failing to call the attention of the trial court to palpable error which offends against the fundamentals of a fair and impartial trial.' Commonwealth v. O'Brien, 312 Pa. 543, 546, 168 A. 244 [, 245] (1933). . . . We

see no purpose in postponing inevitable relief until appellant files a P.C.H.A. petition alleging ineffective assistance of counsel, Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, §3(c)(6), 19 P.S. §1180-3(c)(6) [(Supp. 1970)]; see Commonwealth ex rel. Washington v. Maroney, 427 Pa. 599, 235 A. 2d 349 (1967), or until appellant files a petition for writ of habeas corpus in federal court, compare Fay v. Noia, 372 U.S. 391, 83 S. Ct. 822 (1963), with Ex parte Lange, 85 U.S. (18 Wall.) 163 [(1874)]; In re Snow, 120 U.S. 274, 7 S. Ct. 556 (1887); In re Nielson, 131 U.S. 176, 9 S. Ct. 672 (1889)." Id. at 160-161 n.1, 264 A. 2d at 181 n.1. I cannot believe that this Court can make any rational distinction between a plea of res judicata or autrefois acquit which was not made below and a claim of double jeopardy which likewise was not made below. Neither can be waived by counsel's action alone. Waiver, if at any time such waiver is intelligent, must be made with the participation of the accused. Cf. *Commonwealth v. Garrett*, 425 Pa. 594, 229 A. 2d 922 (1967). Such a waiver must be competent and intelligent. *Fay v. Noia*, supra at 439, 83 S. Ct. at 849. The Commonwealth does not contend that appellants competently and intelligently waived their claim of double jeopardy. Hence, I would face that question here.

In *Waller*, the Supreme Court indicated that where a state does not treat its political subdivisions as sovereign entities and where the judicial power of local courts is derived from the same organic law as state courts, the doctrine of dual sovereignty has no application. With respect to Florida, the Court found two provisions relevant. Article VIII, §2 of the Florida Constitution provided that " '[m]unicipalities may be established or abolished and their charters amended pursuant to general or special law.' " 397 U.S. at 392,

90 S. Ct. at 1187. Moreover, Article V, §1 provided that " '[t]he judicial power of the *State of Florida* is vested in a supreme court . . . and such other courts, *including municipal courts* . . . as the legislature may from time to time ordain and establish.' " Id. at 393, 90 S. Ct. at 1188 [original emphasis]. On the basis of these provisions, the Supreme Court held that the doctrine of dual sovereignty had no application in the case of Florida.

Pennsylvania has two provisions similar to Florida's. Article IX, §1 of the Constitution provides that "[t]he General Assembly shall provide by general law for local government within the Commonwealth." Article V, §1 provides that "[t]he judicial power of the Commonwealth shall be vested in a unified judicial system consisting of the Supreme Court, the Superior Court, the Commonwealth Court, courts of common pleas, community courts, municipal and traffic courts in the City of Philadelphia, such other courts as may be provided by law and justices of the peace. All courts and justices of the peace and their jurisdiction shall be in this unified judicial system." These provisions are indistinguishable from Florida's. I would find, therefore, that the doctrine of dual sovereignty has no application to Pennsylvania.

Having so found, I believe the holding of *Waller* must be applied to the instant facts. In *Waller*, the defendant, with a number of other persons, removed a canvas mural affixed to a wall inside the City Hall of St. Petersburg, Florida. Along with another charge, he was found guilty by a municipal court of violating an ordinance of the City of St. Petersburg, i.e., destruction of city property. He was subsequently tried and found guilty in the Circuit Court of Florida on an indictment charging grand larceny. It was acknowledged that "the state court action rested '. . . on the same acts

of the appellant as were involved in the violation of the two city ordinances.' " Id. at 389, 90 S. Ct. at 1185. The Supreme Court held "that the Florida courts were in error to the extent of holding that—'. . . even if a person has been tried in a municipal court for the identical offense with which he is charged in a state court, this would not be a bar to the prosecution of such person in the proper state court.' " Id. at 395, 90 S. Ct. at 1189.

Here, appellants were found guilty of disturbing the peace and disorderly conduct. The acts which were the bases for those convictions were also the bases for their convictions of riot and related offenses. *Waller* compels, therefore, that the second convictions be set aside.

I would reverse judgment of sentence and discharge appellants.

SPAULDING, J., joins in this dissenting opinion.