UNITED STATES of America

v.

Anthony Michael MEDINA.

Crim. No. 69–318.

United States District Court,
E. D. Pennsylvania.

March 5, 1971.

Charles B. Burr, II, Philadelphia, Pa.,
for plaintiff.

David C. Toomey, Philadelphia, Pa., for
defendant.

## MEMORANDUM AND ORDER

VANARTSDALEN, District Judge.

Defendant, Anthony Michael Medina, was indicted in connection with the robbery of the Girard Trust Bank, Roosevelt Boulevard Office, 2809 Comly Road, Philadelphia, Pennsylvania, on July 25, 1969. In the indictment Medina was charged with conspiracy with one Raymond Brahm and Dorothy Mae Roberts to commit the crime, and with having actually committed the robbery with Mr. Brahm. Brahm pleaded guilty and Dorothy Roberts pleaded nolo contendere.

Medina pleaded innocent and his case came to trial on April 14, 1970, before the Honorable Ralph C. Body and a jury. After three days of trial, the jury found Medina guilty of Count 1 (Conspiracy) but stated it was unable to agree as to the remaining counts. Judge Body declared a mistrial as to the remaining counts, over defendant's objection.

On June 22, 1970, Medina was tried on those counts of the indictment on which the previous jury had reached no verdict. Defendant moved to dismiss those counts on which he was about to be tried claiming that such trial would constitute double jeopardy. The motion was denied and the jury returned a verdict of guilty on all the remaining counts.

Before the Court is defendant's motion, styled Motion for a New Trial. In that motion defendant alleges certain errors in the first trial and also that it was error to deny defendant's Motion to Dismiss the second trial on the ground

of double jeopardy. At oral argument of this motion, both defendant and defendant's counsel stated that they were withdrawing their objections to the first trial and to the conviction on the conspiracy count.

> Mr. Toomey: "After having spoken with Mr. Medina I am withdrawing any objection to the first trial, which is the conspiracy, the case in which Mr. Medina was convicted of conspiracy."
>
> Court: "What do you say about this, Mr. Medina?"
>
> Medina: "Your Honor, with respect to the conspiracy conviction, with the advice of my counsel, I request to withdraw that Motion for a New Trial."
>
> Court: "I want to make sure that I understand this. That means, therefore, that in effect you are letting stand the conviction on the conspiracy. You are not contesting that conviction."
>
> Medina: "Yes, Your Honor."

Thus, the issue before the Court is whether the charges on which the second trial was held should have been dismissed because it placed the defendant in double jeopardy.[1] I have some doubt as to the procedure whereby this issue is raised. By withdrawing his objection to the first trial and not contesting the conspiracy conviction and raising the issue of double jeopardy as to the second trial, defendant's motion for a new trial is anomalous. He is certainly not asking this Court to grant him a new trial on the counts that the first jury could not reach a decision because to do that would "put him in jeopardy" again. It appears that defendant's motion should more properly be considered as a motion in arrest of judgment. Although it is recognized that the defense of double jeopardy can-

not be raised for the first time by motion in arrest of judgment, United States v. Reeves, 293 F.Supp. 213 (D.C.D.C.1968, p. 214), I find that defendant has properly reserved that argument. (N.T., 2nd Trial, p. 11).

Defendant alleges two separate grounds to support his argument that the second trial placed him in double jeopardy in violation of the fifth amendment of the constitution. These grounds will be considered separately.

1. The defendant alleges that the trial judge erroneously discharged the first jury prematurely over the defendant's objection. He supports this allegation by saying that the jury in the first case had certain questions directed to the Court, which questions indicated that they might be able to reach a decision favorable to him. Thus, defendant says he was deprived of a favorable verdict by the premature discharge of the jury. In turning to the Notes of Testimony of the first trial, we find that the case was given to the jury at 11:40 a. m. on the 16th of April 1970. At 4:55 p. m. the Court received a note from the jury which asked two questions:

> (a) "Can we separate the charges?"
>
> (b) "Can we convict or acquit him of conspiracy only?" (N.T. 1st Trial, p. 301).

The Court, having conferred with counsel on the record as to the content of the note, answered the questions in open court as follows:

> "The Court: Members of the jury, the answer to your first question which is: 'Can we separate the charges,' the answer to your first question is Yes.
>
> As to the second question that you have written here:
>
> 'Can we convict or acquit him of conspiracy only,'

---

[1]. In defendant's brief in support of his motion for a new trial, he asserts that the trial judge in his first trial erred in not permitting certain challenges for cause at the Voir Dire. I have carefully read the transcript of the Voir Dire of the first trial and it appears that the challenges were properly refused because the prospective jurors affirmatively stated that they were not biased or predisposed one way or the other, and that they could determine the case with an open mind.

as to the second question, it is not clear to me what you are asking of me. Will you please amplify it so that I may know if you are concerned with one or all the charges?" (N.T. 1st Trial, pp. 307–308).

At 5:10 p. m. on April 16, 1970, the jury asked another question: "Is Charge No. 1 conspiracy only?" (N.T. 1st Trial, p. 311). The Court answered this question "Yes". (N.T. 1st Trial, p. 311).

At 6:09 p. m. on April 16, 1970, the jury returned a verdict of guilty on Count 1 and stated that it was unable to agree on the other counts. The Court, having polled the jurors, determined that they were unanimous on the finding of guilty on Count 1 but unable to agree on the remaining counts, and declared a mistrial as to the counts other than Count 1. (N.T. 1st Trial, p. 319).

█ The law is clear that the defense of double jeopardy does not apply where the jury is unable to agree on a verdict. Green v. United States, 355 U.S. 184, p. 188, 78 S.Ct. 221, 224, 2 L.Ed.2d 199.

> "At the same time jeopardy is not regarded as having come to an end so as to bar a second trial in those cases where 'unforeseeable circumstances * * * arise during [the first] trial making its completion impossible, such as the failure of a jury to agree on a verdict.' Wade v. Hunter, 336 U.S. 684, 688, 689 [69 S.Ct. 834, 93 L.Ed. 974]."

In Linden v. United States, 2 F.2d 817 (3 Cir. 1924), 6 L.Ed.2d 1517, the defendant was charged with conspiracy to possess and possession of liquor in violation of a federal law. At the first trial the jury found him guilty of possession but was unable to reach a verdict on the conspiracy charge. The Court of Appeals upheld the second trial, at which the jury found him guilty of conspiracy, saying, *inter alia*, that the plea of former jeopardy does not bar a retrial where the jury cannot agree in the first trial.

In Forsberg v. United States, 351 F.2d 242, p. 246 (9th Cir. 1965), certiorari denied, 383 U.S. 950, 86 S.Ct. 1209, 16 L.Ed.2d 212, the defendant was charged with assault with intent to commit murder and assault with a deadly weapon. At the first trial defendant was acquitted on the first charge but the jury could not agree on the second charge. In upholding the conviction on the second charge at a retrial, the Court said at page 244:

> "It is well settled that retrial of an accused after a mistrial because the jury is unable to agree is not a denial of the constitutional right against double jeopardy."

In the recent Supreme Court opinion in United States v. Jorn, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543, filed January 25, 1971, the Supreme Court reviewed the issue of double jeopardy. It affirmed the standard set forth in United States v. Perez, 22 U.S. (9 Wheat.) 579, 580, 6 L.Ed. 165:

> "We think, that in all cases of this nature, the law has invested Courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated. They are to exercise a sound discretion on the subject; and it is impossible to define all the circumstances, which would render it proper to interfere. To be sure, the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes; and, in capital cases especially, Courts should be extremely careful how they interfere with any of the chances of life, in favor of the prisoner. But, after all, they have the right to order the discharge; and the security which the public have for the faithful, sound, and conscientious exercise of this discretion, rests, in this, as in other cases, upon the responsibility of the Judges, under their oaths of office."

The Court went on to cite cases in which this test was properly applied:

"The *Perez* case has since been applied by this Court as a standard of appellate review for testing the trial judge's exercise of his discretion in declaring a mistrial without the defendant's consent. E. g., Simmons v. United States, 142 U.S. 148, 12 S.Ct. 171, 35 L.Ed. 968 (1891) (reprosecution not barred where mistrial declared because letter published in newspaper renders juror's impartiality doubtful); Logan v. United States, 144 U.S. 263, 12 S.Ct. 617, 36 L.Ed. 429 (1892) (reprosecution not barred where jury discharged after 40 hours of deliberation for inability to reach a verdict); Thompson v. United States, 155 U.S. 271, 15 S.Ct. 73, 39 L.Ed. 146 (1894) (reprosecution not barred where jury discharged because one juror had served on grand jury indicting defendant); Wade v. Hunter, 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974 (1949) (retrial not barred where military court martial discharged due to tactical necessity in the field)."

By citing Logan v. United States, *supra*, the Court affirmed the proposition that it is within the sound discretion of the trial judge to declare a mistrial where the jury is not able to agree on a verdict.

Defendant in this case asserts that there was no "manifest necessity" to declare a mistrial because the questions from the jury indicate that they could have been on the verge of acquittal on the substantive counts. I cannot agree.

The answers that the trial judge gave to the questions by the jury were the only possible and proper answers he could give. (See questions and answers, *supra*.) Further, it is abundantly clear that the jury in the first trial could not agree on a verdict as to the counts other than Count 1 (conspiracy). (See N.T. 1st Trial, pp. 318–325, discussed *supra*.) Under that circumstance the trial judge had no choice but to declare a mistrial.[2]

■ I find no merit to defendant's argument that the jury was not permitted to deliberate long enough. (See Footnote 2.) The jury was out for about five hours. They individually stated that they were not able to agree. I can only conclude that they could not agree.

■■ I find no merit to defendant's second contention that a finding of guilty of conspiracy in the first trial constitutes a bar to a second trial on the substantive crime of bank robbery. Conspiracy to commit bank robbery is not a lesser included offense of the crime of bank robbery. In Linden v. United States, *supra*, the Court of Appeals found that a retrial on a conspiracy charge after a finding of guilty on an unlawful possession charge was not double jeopardy.

"Moreover, it is definitely settled that a conspiracy to commit a crime is a different offense from the crime that is the object of the conspiracy. United States v. Rabinowich, 238 U.S. 78, 85, 35 S.Ct. 682, 59 L.Ed. 1211. 'Liability for conspiracy is not taken away by its success—that is, by the accomplishment of the substantive offense at which the conspiracy aims.'"

In United States v. DeAngelo, 138 F.2d 466 (3rd Cir. 1943), the defendant was first charged with bank robbery and acquitted. He was then charged with conspiracy to commit the robbery and found guilty. The Court pointed out at page 469:

"The former acquittal was not, however, a bar to the prosecution of the conspiracy indictment. No question of double jeopardy is involved. The first trial was for robbery and the second for conspiracy, both relating to the same unlawful transaction, it is

2. I decline to discuss defendant's suggestion that the trial judge in the first trial should have strongly advised the jury to try to reach a verdict. Any such charge would undoubtedly have been objected to by defendant; and no such request was made at the trial. (N.T. 1st Trial).

true, but separate and distinct offenses nonetheless."

The jury in the first trial found defendant guilty of conspiracy. This was not an acquittal as to the other substantive charges.

For the above stated reasons, defendant's Motion, styled Motion for a New Trial, must be denied.