## Commonwealth *v.* Edney, Appellant.

Submitted December 4, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Andrea Levin* and *Jonathan Miller*, Assistant Defenders, and *Vincent J. Ziccardi*, Defender, for appellant.

*Milton M. Stein*, Assistant District Attorney, *James D. Crawford*, Deputy District Attorney, and *Arlen Specter*, District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, March 27, 1973:

Appellant appeals his aggravated assault and battery conviction contending that he was ineffectively represented by his trial counsel who neither filed a motion to suppress appellant's statement nor objected to

the introduction of the statement for impeachment purposes.

Oral post-trial motions were filed immediately following the conclusion of appellant's trial. These motions were not made a part of the trial record, but the trial judge's opinion indicates that his attention was not directed to any alleged error in the course of the trial. Thus, the ineffective assistance of counsel claim was never raised before the trial judge.

A matter which is not properly raised in the court below may not be raised on appeal. *Commonwealth v. Whiting,* 205 Pa. Superior Ct. 92, 95, 208 A. 2d 1 (1965) (Opinion by WRIGHT, J.). "Certainly, the proper and orderly administration of criminal justice is furthered, in the great majority of cases, by requiring that such motions be filed. Such a procedure offers lower courts the opportunity to rectify their own errors immediately and obviates the delay and expense of appellate review. Moreover, these motions aid in clarifying and framing the issues which are to be raised on appeal." *Commonwealth v. Grillo,* 208 Pa. Superior Ct. 444, 449 (n.1), 222 A. 2d 427 (1966).

Thus, this court will not consider appellant's contentions until the lower court has had an opportunity to pass on the questions raised herein. Although the time for appellant to file post-trial motions has elapsed, the Pennsylvania Supreme Court has impliedly authorized that the lower courts pass on these motions nunc pro tunc prior to the docketing of an appeal. *Grillo,* supra.

Record remanded for further proceedings consistent with this opinion.