Commonwealth v. Abruzzese, Appellant.

Submitted September 9, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Richard R. Fink,* Assistant Public Defender, for appellant.

*G. Roger Markley,* Assistant District Attorney, *Stephen B. Harris,* First Assistant District Attorney, and *Kenneth G. Biehn,* District Attorney, for Commonwealth, appellee.

Opinion by Price, J., December 11, 1974:

On May 1, 1972, a criminal complaint was filed charging the appellant with assault and battery[1] and disorderly conduct[2] arising out of an altercation between the appellant and two police officers. On May 23, 1972, a combined preliminary hearing and summary hearing was held before a magistrate where the appellant was found guilty of disorderly conduct and fined $25, and was bound over for the next term of the Grand Jury on the assault and battery charge.

An indictment charging assault and battery was found on July 28, 1972, and appellant was tried and convicted before a jury on February 14, 1973. Following denial of post-trial motions, sentence was imposed on May 17, 1974.

In this appeal appellant contends that the two charged crimes grew out of the same offense, and because the conviction for disorderly conduct arose from the indictment for assault and battery, the appellant was subject to double jeopardy. The claim of double jeopardy was not raised before or during trial, and was raised for the first time in the post-trial motions.

Appellant now urges this court to consider her claim of double jeopardy, contending that it is incumbent upon the court to consider an issue that raises a basic and fundamental error. We disagree, finding that appellant's failure to raise the issue of double jeopardy prior to the trial precludes our consideration of this allegation of error.

The doctrine of basic and fundamental error[3] has been recently abrogated by the Pennsylvania Supreme

---

[1] Act of June 24, 1939, P. L. 872, §708 (18 P.S. §4708) (misdemeanor).

[2] Act of June 24, 1939, P. L. 872, §406, *as amended*, March 23, 1970, P. L. 207, No. 84, §1 (18 P.S. §4406) (summary offense).

[3] In certain instances, the courts have applied the basic and fundamental error doctrine and have considered the merits of is-

Court. In *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A. 2d 114 (1974), a civil case, the appellant conceded that he had neither offered a point for charge nor taken a specific exception to an instruction actually given. On appeal, appellant contended that an appellate court must consider those trial errors claimed to be basic and fundamental despite the absence of any objection or specific exception at trial. In response, the Supreme Court concluded that "basic and fundamental error has no place in our modern system of jurisprudence . . . [because it] has become an impediment to the efficient administration of our judicial system."

sues raised for the first time on appeal. See, e.g., *Commonwealth v. Williams*, 432 Pa. 557, 248 A.2d 301 (1968) (cases cited therein) ; *Commonwealth v. Edney*, 223 Pa. Superior Ct. 426, 302 A. 2d 516 (1973) ; *Commonwealth v. Booker*, 219 Pa. Superior Ct. 91, 280 A. 2d 561 (1971). See also Comment, *Appeal of Errors in the Absence of Objection—Pennsylvania's "Fundamental Error Doctrine"*, 73 Dick. L. Rev. 496 (1969). For example, in *Commonwealth v. Yahnert*, 216 Pa. Superior Ct. 159, 264 A. 2d 180 (1970), this court decided that the issue of res judicata or autrefois acquit, not raised at trial, was a sufficient basic and fundamental error that could be considered on appeal.

In *Yahnert*, the defendant was brought to trial on an indictment, a jury was sworn, and the Commonwealth presented its case. The defendant entered a demurrer to the evidence, which was sustained and not appealed by the Commonwealth. Five months later the defendant was indicted again of the same charge in identical language and was convicted. No plea of res judicata or autrefois acquit was made in the lower court. On appeal, the court noted that although the issue was not raised in the lower court, it was incumbent upon them to consider a question that raises a basic and fundamental error. Citing *Commonwealth v. O'Brien*, 312 Pa. 543, 546, 168 A. 244, 245 (1933), the court found such a basic and fundamental error, noting that "[a] man is not to be deprived of his liberty and reputation because of the inadvertence of a trial judge or the carelessness of his counsel in failing to call the attention of the trial court to palpable error which offends against the fundamentals of a fair and impartial trial." 216 Pa. Superior Ct. at 160 n. 1, 264 A. 2d at 181 n. 1. See also *Commonwealth v. Smith*, 217 Pa. Superior Ct. 148, 269 A. 2d 138 (1970). (HOFFMAN, J., dissenting).

457 Pa. at 260, 322 A. 2d at 117. In reaching this conclusion, the court noted that there are two practical problems with basic and fundamental error that make it an unworkable appellate privilege: "[1] [the] appellate court recognition of alleged errors not called to the trial court's attention has a deleterious effect on the trial and appellate process . . . [and] [2] despite its repeated articulation, the theory has never developed into a principled test, but has remained essentially a vehicle for reversal when the predilections of a majority of an appellate court are offended." *Id.* at 257, 322 A.2d at 116.

The *Dilliplaine* rationale has been applied to the applicability of the basic and fundamental error doctrine, and the failure to properly preserve trial errors, in criminal matters. In *Commonwealth v. Clair*, 458 Pa. 418, 326 A. 2d 272 (1974), the court expressly abrogated the doctrine of basic and fundamental error in criminal cases, specifically noting that "no longer will allegations of basic and fundamental error serve to enable parties in criminal matters to seek reversal on alleged errors not properly raised below."[4] 458 Pa. at 423, 326 A. 2d at 274.

---

[4] The fundamental change in Pennsylvania jurisprudence expressed by *Dilliplaine* and *Clair* has been applied in cases involving the failure to object to errors in the charge to the jury by the court, *Commonwealth v. McDonald*, 459 Pa. 17, 326 A. 2d 324 (1974); failure to request limiting and cautionary instructions, *Commonwealth v. Reid*, 458 Pa. 357, 326 A. 2d 267 (1974); failure to object to the presentation of evidence, *Commonwealth v. Williams*, 457 Pa. 502, 326 A. 2d 300 (1974); failure of the trial judge to make an inquiry into a defendant's competency to stand trial, *Commonwealth v. Hamilton*, 459 Pa. 304, 329 A. 2d 212 (1974); failure to assert the right to a speedy trial, *Commonwealth v. Roundtree*, 458 Pa. 351, 326 A. 2d 285 (1974); failure to raise the claim of unnecessary delay between arrest and arraignment, *Commonwealth v. Johnson*, 457 Pa. 554, 327 A. 2d 632 (1974); and failure to raise errors in sentencing. *Commonwealth v. Piper*, 458 Pa. 307, 328 A. 2d 845 (1974).

We find that the principles enunciated in *Dilliplaine* and *Clair* are applicable to the issue in this appeal as to whether this court should consider appellant's claim of double jeopardy, raised for the first time in post-trial motions.[5] Appellant was found guilty of disorderly conduct by a magistrate on May 23, 1972. The double jeopardy issue, based on the "same offense" test, see *Waller v. Florida*, 397 U.S. 387, *rehearing denied*, 398 U.S. 914 (1970), *Ashe v. Swenson*, 397 U.S. 436 (1970), arose when appellant was later indicted for assault and battery on July 28, 1972, and tried on that charge on February 14, 1973. Thus, appellant had six-and-one-half months' notice as to the possibility of being placed in double jeopardy, during which time no appropriate pre-trial motions were entered. Appellant also did not avail herself of the opportunity to raise this issue during the trial, and offered no reason for her failure to

---

[5] It has been held that the personal privilege of immunity from double jeopardy may be waived by a failure to make proper and timely objections. As one court has noted, "[t]he constitutional immunity from double jeopardy is a personal privilege which the accused may waive. Such a waiver by defendant of this constitutional privilege may be either express or implied, and it will be implied where the accused pleads not guilty and proceeds to trial, verdict and judgment without raising the defense of former jeopardy." *United States v. Reeves*, 293 F. Supp. 213, 214 (D.C. 1968). See *United States v. Buonomo*, 441 F. 2d 922 (7th Cir. 1971) (double jeopardy cannot be raised for the first time by motion for a new trial) ; *United States v. Hoyland*, 264 F. 2d 346 (7th Cir.), *cert. denied*, 361 U.S. 845, *rehearing denied*, 361 U.S. 904 (1959) (double jeopardy is a defense which must be pleaded and it is waived by a plea of guilty) ; *United States v. Medina*, 323 F. Supp. 1277 (E.D. Pa. 1971) (double jeopardy cannot be raised for the first time by motion in arrest of judgment) ; *Commonwealth v. Rispo*, 222 Pa. Superior Ct. 309, 294 A. 2d 792 (1972) ; *Nyman Motor Vehicle Operator License Case*, 218 Pa. Superior Ct. 221, 275 A. 2d 836 (1971) (double jeopardy defense is waived by failing to raise it at the trial level).

do so.[6]  For these reasons, we find that appellant has waived her claim of double jeopardy, and, therefore, affirm the judgment of sentence.

Judgment of sentence affirmed.

---

[6] Appellant makes no allegation as to the lack of an intelligent waiver of her double jeopardy claim. See *Commonwealth v. Rispo*, 222 Pa. Superior Ct. 309, 294 A. 2d 792 (1972).

---

CONCURRING OPINION BY SPAETH, J.:

I agree that the result reached by Judge PRICE is required by *Clair*, which establishes that an issue not raised at trial is to be considered as waived by the defendant, or, more accurately, that the defendant will be held estopped to raise the issue *on direct appeal*. But *Clair* does not preclude appellant from raising at a PCHA hearing the issue of ineffective assistance of counsel if the waiver at trial was a result of that ineffectiveness.  Thus it is not, in my view, accurate to say that "appellant has waived her claim of double jeopardy." To me, this implies a knowing waiver. In fact, however, it may be that counsel never advised appellant of her right not to be placed in double jeopardy, and that she did not know she had that right.  If this is the case, appellant may well be entitled to a new trial, for I find it hard to imagine any rational tactical reason why counsel would not plead a complete defense such as double jeopardy.