## Campana *v.* Alpha Broadcasting Co., Inc., Appellant.

Submitted September 12, 1975. Before WATKINS, P.J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*J. Julius Levy, Thomas J. Foley, Jr.,* and *Levy, Preate & Purcell,* and *Rosser, McDonald, Marcus & Foley,* for appellant.

*Ambrose R. Campana,* and *Campana & Campana,* for appellee.

OPINION BY VAN der VOORT, J., March 29, 1976:

This case arises on appeal by defendant from a judgment of the court below based upon a jury verdict in the amount of $6,600, without interest, in favor of the plaintiff. Appellant-defendant contends that the verdict and judgment should have been either for $13,386.83, with interest, or in favor of appellant.

The litigation is an action in assumpsit based on an alleged breach of an employment contract whereby appellee was hired by appellant as Vice President and General Manager of radio station WLYC in Williamsport for a period of 3 years at a monthly salary of $1,100. Appellee was dismissed after serving for 2 months and 4 days, and thereupon sued for the balance of his salary,

less money earned from other employment during the remaining term of the contract.

Under the terms of the contract, appellee was to "faithfully perform his duties...along guidelines set by the management [or defendant appellant] may at its election and upon notice...terminate the employment." Appellee was given such guidelines at the beginning of the contract term but was discharged two months later on the ground that he had failed to carry out such instructions. Appellee denied that he had failed to perform his duties within the guidelines, and that issue was submitted to the jury. The amount that appellee earned in other employment during the balance of the contract period was not in dispute, although appellant contended that it could have been larger if appellee had not given up a certain employment for another at a lesser salary.

The jury found in favor of the appellee, thereby establishing that appellee had been wrongfully discharged. The undisputed testimony shows that he actually earned $13,386.83 less during the period that the contract was terminated than he would have earned had the employment contract been carried out. Whether he could have earned still more was in dispute. The jury awarded him $6,600. Plaintiff did not appeal the judgment on the award, but the defendant did.

Appellant contends that the award was obviously a compromise and that for that reason it should have a new trial. The court below, in denying a motion for a new trial, said that it was not apparent to the court that the verdict was a compromise. The court pointed out that there was disputed testimony that appellee might have further mitigated damages had he not voluntarily elected to leave one job for a lesser paying one.

But even if the verdict was a compromise, this is not a basis for a new trial unless the verdict was so unreasonably low as to present a clear case of injustice. With that exception, "compromise verdicts are both

expected and allowed": *Elza v. Chovan*, 396 Pa. 112, 115, 152 A.2d 238 (1959).

It is hard to see how the verdict could be said to work an injustice on the appellant. The jury has established by its award of damages that the appellant improperly discharged the appellee. The amount of the award, half of what the appellant says it should have been, is scarcely an injustice to the appellant. Appellee, in whose favor the smaller verdict and judgment run, has not complained of the amount. To award the appellant a new trial under these circumstances would constitute an act of injustice to the appellee rather than one of justice to the appellant.

It is next urged that the lower court erred in its charge to the jury on the measure of damages. It is said that the court should have given the jury a more precise rule or measure of damages than it did. This argument is not open to appellant because it took no exception to the charge as given and declined the opportunity to suggest corrections or additions to the charge at the time it was made. That precludes a challenge to the charge in this court: *Commonwealth v. Abruzzese*, 231 Pa. Superior Ct. 157, 158-9, 331 A.2d 821 (1974).

The trial court is said to have erred in excluding evidence of a sales brochure given to appellant by a third party broker several months before appellee entered into his employment contract with appellant. The brochure was a sales tool used to persuade appellant to buy the radio station for which it later employed appellee as manager. It is appellant's contention that the brochure contained material errors of fact concerning the radio station and that this erroneous information had been supplied to the broker by appellee. Even if appellant had been allowed to establish these facts, they would have had nothing to do with appellee's performance or lack of it under the employment contract. If the appellant purchased the radio station on the basis of misstatements of fact supplied to a third party by appellee, appellant

may have a claim against the appropriate parties for rescission or damages. But we see no basis for using asserted errors in this earlier brochure as a basis for a collateral attack on appellee's contract of employment.

The judgment of the court below is affirmed.

SPAETH, J., concurs in the result.