418 A.2d 622

**COMMONWEALTH of Pennsylvania**

v.

**Raymond James KOSELA, Sr., Appellant.**

Superior Court of Pennsylvania.

Submitted April 12, 1979.

Filed Feb. 13, 1980.

Wayne S. Lipecky, Assistant Public Defender, Beaver, for appellant.

John Lee Brown, Jr., Assistant District Attorney, Beaver, for Commonwealth, appellee.

Before PRICE, HESTER and MONTGOMERY, JJ.

MONTGOMERY, Judge:

Appellant was found guilty by a jury on three counts of violations of the gambling provisions of the Crimes Code. Appellant was arrested following a raid on his business establishment wherein an illegal card game, called "RU-MAI", was being played. Appellant was sentenced to a term of 11½ to 23 months in the Beaver County Jail and to pay a fine of $500 and the costs of prosecution.

On appeal, it is argued that the trial court committed reversible error during its instructions to the jury by mis-stating evidence. Upon examination of the record, we agree.

"It is true, of course, that it is within the discretion of the trial judge in Pennsylvania to summarize for the benefit of the jury the evidence adduced at trial. [citations omitted] In doing so, however, the judge must bear in mind that his

'influence . . . on the jury is necessarily and properly of great weight . . . and jurors are ever watchful of the words that fall from him' . . . It is therefore vital that the trial in his summary avoid material misstatements of the evidence in the case as well as avoid comments which would be taken as indicating the court's opinion on the question of guilt or innocence." [citations omitted] *Commonwealth v. Crawford*, 452 Pa. 326, 305 A.2d 893 (1973).

In the instant case, during the charge to the jury, the lower court made the following commentary on the evidence:

> Now, there was no money exhibited except the money that was found in the Defendant's pocket, that was also explained by the State Police Officer. *At these games, they do not have money because of the very thing that happened here, that they are fearing a police raid,* and there is no money on the table, and the record of the game is kept on those sheets that are on that clipboard. [Emphasis added]

This is a material misstatement of the testimony of Officer Rozum. During the direct examination of the officer, the following occurred:

OFFICER ROZUM: Also, this game is designed where there is no money laid on the tables, for the express purpose that, if—

MR. SADECKY: I'm going to object to that testimony. That calls for a conclusion.

THE COURT: Well, we sustain the objection, except the part of it where he has already said that there is no money laying on the table. The trial judge, therefore, inserted the specifically objected to testimony into his instructions. At the conclusion of the charge, defense counsel took exception to this particular language; however, the court, instead of correcting the misstatement, chose instead to note a general exception to the charge by the Defendant. "This variance between the testimony of the witness and the judge's account of it was of such a nature as to seriously prejudice the interests of the defendant and to deprive him of a fair

trial." *Commonwealth v. Crawford*, supra, quoting from *Commonwealth v. O'Brien*, 312 Pa. 543, 168 A. 244 (1933).

Judgment of sentence is reversed; the case is remanded for a new trial.